[Nos. B115370, B115593. Second Dist., Div. Seven. Mar. 8, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
KENNETH G. DOZIER, Defendant and Appellant

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication only as to the introduction, statement of facts and part VIII.

1196

## COUNSEL

Carla DeVito, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren and Bill Lockyer, Attorneys General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Marc E. Turchin and Douglas L. Wilson, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**JOHNSON, Acting P. J.**—Defendant appeals from the judgment following his convictions for attempted premeditated murder and being a felon in possession of a firearm. The principal issue in this appeal is the correct method of calculating the minimum term of the indeterminate life sentence for a third strike offender when the punishment otherwise provided for the current offense is life imprisonment with possibility of parole. (Pen. Code, §§ 664, subd. (a), 667, subd. (e)(2)(A).)[1]

In our prior opinion, we held the trial court must select the minimum term of the indeterminate life sentence from the options provided in section 667, subdivision (e)(2)(A)(ii) (25 years) or (iii) (as relevant here, the period prescribed by § 3046). The Supreme Court granted review of our opinion and subsequently remanded the cause to us for reconsideration in light of *People v. Jefferson* (1999) 21 Cal.4th 86 [86 Cal.Rptr.2d 893, 980 P.2d 441]. *Jefferson* involved the calculation of the minimum term for a *second strike* offender when the punishment otherwise provided for the current offense is life imprisonment with possibility of parole. (§§ 664, subd. (a), 667, subd. (e)(1).)

In the published portion of this opinion we review the calculation of the minimum term for third strike offenders in light of *Jefferson*. We conclude our prior opinion was correct and if anything *Jefferson* supports our original analysis.

In the unpublished portion of this opinion we address the remaining issues in defendant's appeal. We also address his appeal from an order in a separate case denying his motion to vacate the judgment in that case on the ground his guilty pleas were involuntarily obtained. We modify the sentence on the attempted murder conviction and otherwise affirm the judgment in case No. BA143017. We affirm the order after judgment in case No. A983129.

---

[1] All statutory references are to the Penal Code unless otherwise specified.

## FACTS AND PROCEEDINGS BELOW

Roland Edwards had just finished making a call from an outdoor pay telephone when he was approached by defendant Kenneth G. Dozier and two other men. One of the men tried to grab a diamond ring off Edwards's finger. The man then said to Edwards: "This is Eight-Trey, nigger, what set are you from?" Edwards replied he was not from any "set" and did not "gangbang."[2] The man then walked away. Edwards believed the encounter was over when suddenly defendant appeared next to him and stuck a pistol against his head "execution style." Defendant said, "Fuck Five-Deuce," fired a shot into Edwards's head, and ran.

Edwards survived. He identified defendant as his assailant from a photographic lineup and at trial. Asked whether he had any doubt defendant was the person who shot him, Edwards answered, "Nope, I don't have any doubt in my mind at all. That's one face that I will never forget." Edwards was sure of his identification because although the attack occurred at night the area around the telephone booth was well lit, he had a close look at the man who shot him and because the shooter had a distinctive tear-drop shaped mark below one eye. (Defendant has such a mark below his right eye.)

Edwards's identification testimony was supported by the testimony of an eyewitness to the shooting, Aaron Rodgers. Rodgers saw defendant and another man jump over a fence near the telephone booth Edwards was using. He saw the men talking to Edwards and heard someone say, "Fuck him." Next, he saw defendant put a gun against Edwards's head and fire it. Defendant and the other man jumped back over the fence and ran. Rodgers was able to identify defendant as the shooter because he recognized him. Defendant had frequented a nearby night club when Rodgers worked there as a security guard and Rodgers had noticed the tear-drop mark on defendant's cheek. The day after the shooting, Rodgers went to the police and told them it was defendant who had committed the crime. He also selected defendant's picture from among 44 photographs the police showed him.

The defense case was based on misidentification and alibi. In order to raise a reasonable doubt as to his identification as the shooter, defendant sought to introduce expert testimony on factors which may make eyewitness testimony unreliable. Following a hearing on the admissibility of this evidence, the trial judge exercised his discretion to exclude it.

The court also refused to allow the defense to impeach the victim, Edwards, with evidence he was convicted of assault with a deadly weapon in 1981.

---

[2]Aaron Rodgers, a witness to the shooting, testified Edwards replied he was from "52nd Street Crip."

The jury found defendant guilty of attempted willful, deliberate, premeditated murder (§§ 187, 664) and found he had personally used a firearm in committing the offense and personally inflicted great bodily injury upon the victim. The jury also found defendant guilty of possession of a firearm by a felon based on its verdict on the attempted murder count and defendant's stipulation to a prior felony conviction.

The information in this case alleged, for purposes of the three strikes law, (§§ 667, subds. (b)-(i)), that in 1989 defendant had suffered three prior convictions for serious or violent felonies. All three convictions resulted from defendant's guilty pleas in one case.

Before the trial on the current offenses defendant moved the court in which the trial was scheduled for an order striking the prior conviction allegations on the ground his guilty pleas were unconstitutionally obtained because the prosecutor incorrectly advised him of the sentencing consequences should he go to trial and be convicted. When this motion was denied, defendant moved the court which took his guilty pleas to vacate its judgment on the same constitutional ground. That motion was also denied.

In sentencing defendant, the trial court rejected his request it strike the three prior conviction allegations "in the furtherance of justice." (§ 667, subd. (f)(2).) The court imposed a term of life with possibility of parole for the willful, deliberate, premeditated attempted murder conviction (§ 664, subd. (a)) and, under the three strikes law, ordered the minimum parole eligibility period tripled. The court also imposed a consecutive three strikes sentence of 25 years to life on the defendant for being a felon in possession of a firearm. In addition, the court imposed a total of 19 years for various enhancements to run consecutively to the sentence for attempted murder.

Defendant filed a timely appeal from this judgment challenging his convictions, the denial of his motion to strike the priors and the sentence imposed on the attempted murder count. He filed a separate appeal from the order denying his motion to vacate the judgment in the 1989 case. We ordered the two appeals consolidated. For the reasons stated below, we modify the sentence on the attempted murder conviction to 25 years to life. In all other respects the judgment and order are affirmed.

DISCUSSION

I.-VII.*

* * * * * * * * * * * * * * * * * * * * * * * * * *

*See footnote, *ante*, page 1195.

VIII. *Calculation of a Third Strike Sentence When the Punishment Otherwise Provided for the Offense Is Straight Life with No Minimum Term.*

■ In sentencing defendant on his conviction for willful, deliberate, premeditated attempted murder, the trial court pronounced: "The defendant will be sentenced to life in prison. Because this is a three strikes case, the court will triple the minimum parole eligibility under 3046 of the Penal Code for 21 years." Both the defendant and the People contend this sentence is incorrect. We agree. For the reasons explained below the correct sentence under the circumstances of this case is 25 years to life.

A. *Statutory Background[6]*

As an aid to understanding where the trial court went wrong in its sentencing and how the sentence properly should be calculated we set forth the relevant statutes below.

Section 667, subdivision (e)(1) provides that if a defendant has one prior conviction for a serious or violent felony: "[T]he determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction."

Section 667, subdivision (e)(2)(A) provides that if a defendant has two or more prior convictions for serious or violent felonies: "[T]he term for the current felony conviction shall be an indeterminate term of life imprisonment with a minimum term of the indeterminate sentence calculated as the greater of: [¶] (i) Three times the term otherwise provided as punishment for each current felony conviction subsequent to the two or more prior felony convictions. [¶] (ii) Imprisonment in the state prison for 25 years. [¶] (iii) The term determined by the court pursuant to Section 1170 for the underlying conviction . . . or any period prescribed by Section 190 or 3046."

Section 664, subdivision (a) provides a person found guilty of willful, deliberate and premeditated attempted murder "shall be punished by imprisonment in the state prison for life with the possibility of parole."

Section 3046 provides in relevant part: "No prisoner imprisoned under a life sentence may be paroled until he or she has served at least seven calendar years or has served a term as established pursuant to any other

---

[6]For purposes of this case there is no material difference between the legislative version of the three strikes law, section 667, subdivisions (b)-(i) and the initiative version, section 1170.12. We will refer to the legislative version.

section of law that establishes a minimum period of confinement under a life sentence before eligibility for parole, whichever is greater. Where two or more life sentences are ordered to run consecutively to each other pursuant to section 669, no prisoner so imprisoned may be paroled until he or she has served at least seven calendar years, or has served a term as established pursuant to any other section of law that establishes a minimum period of confinement under a life sentence before eligibility for parole, on each of the life sentences which are ordered to run consecutively, whichever is greater."

### B. *The Trial Court Erred in Calculating the Sentence on Count I (Premeditated Attempted Murder).*

When it sentenced defendant on count I, premeditated attempted murder, the trial court imposed a term of life imprisonment with possibility of parole as provided in section 664, subdivision (a) but added the qualification that "[b]ecause this is a three strikes case, the court will triple the minimum parole eligibility under 3046 of the Penal Code for 21 years." In so doing, the court created a hybrid sentence containing elements of the sentence for a second strike offender (§ 667, subd. (e)(1)) and for a third strike offender (§ 667, subd. (e)(2)).

In *People v. Jefferson, supra,* our Supreme Court held that in sentencing a *second strike* offender on an offense such as attempted premeditated murder, which has no specified minimum term to double, the minimum term of confinement under section 3046 serves as the "minimum term for an indeterminate term" which is doubled to produce the second strike sentence under section 667, subdivision (e)(1). (21 Cal.4th at pp. 90, 96.)

While the three strikes law essentially provides for doubling the sentence of a second strike offender it does not provide for simply tripling the sentence of a third strike offender. (See § 667, subd. (e)(2)(A), quoted *ante.*) Yet, this appears to be what the trial court did in this case. The court imposed the indeterminate life term for premeditated attempted murder under section 664, subdivision (a) and, because that life term has no specified minimum term, the court created one by adopting the seven-year minimum parole eligibility period under section 3046 as the minimum term, which it then tripled, resulting in a sentence of 21 years to life. In other words, the court imposed on a third strike defendant the sentence for a second strike defendant but tripled, instead of doubled, the minimum term of the indeterminate life term. (Cf. *People v. Jefferson, supra,* 21 Cal.4th at pp. 90, 96.)

The sentence imposed by the trial court in the present case, 21 years to life, was obviously wrong because the minimum term of the indeterminate

life sentence imposed on a third strike defendant can never be *less* than 25 years. (§ 667, subd. (e)(2)(A)(i), (ii), (iii).)

### C. *The Proper Calculation of a Third Strike Sentence When the Defendant Would Otherwise Be Punished by a Life Sentence with Possibility of Parole.*

The sentence for a third strike defendant "shall be an indeterminate term of life imprisonment with a minimum term of the indeterminate sentence calculated as the greater of [one of three options]." (§ 667, subd. (e)(2)(A).) Option 1 is "[t]hree times the term otherwise provided as punishment" for the current conviction. (§ 667, subd. (e)(2)(A)(i).) Option 2 is "25 years." (§ 667, subd. (e)(2)(A)(ii).) Option 3 is "t[h]e term determined by the court pursuant to Section 1170 for the underlying conviction . . . or any period prescribed by Section 190 or 3046." (§ 667, subd. (e)(2)(A)(iii).) Thus, the sentence for a third strike defendant is $x$ years to life with $x$ representing the minimum term of the life sentence under one, two or three, whichever is greater.

A problem arises in calculating the minimum term under option 1 when, as in the present case, "the term otherwise provided as punishment" (§ 667, subd. (e)(2)(A)(i)) for the current offense is a straight life sentence with no specified minimum term. If the term "otherwise provided" is straight life then, under a literal reading of option one, "three times the term otherwise provided" would be three life sentences. While this would produce the longest sentence of the three options in section 667, subdivision (e)(2)(A) it would also produce an absurd result: the minimum term of the indeterminate life sentence is greater than the indeterminate life sentence itself.

It is apparent, however, the Legislature did not intend such a result because it addressed the problem of the straight life sentence in option 3. That option provides the minimum term of the indeterminate life sentence established by subdivision (e)(2)(A) may be "any period prescribed by Section . . . 3046." (§ 667, subd. (e)(2)(A)(iii).) Section 3046 provides minimum parole eligibility periods for defendants convicted of offenses carrying a life sentence with possibility of parole. If the Legislature had intended to triple indeterminate life terms under option 1 it would not have made specific reference to section 3046 in option 3 because a triple life sentence under option one would always be a greater minimum term than the minimum parole eligibility period provided in section 3046. On the other hand, the minimum parole eligibility period provided in section 3046 could,

under some circumstances, exceed the minimum term of 25 years under option 2.[7]

We conclude, therefore, that in choosing the minimum term of the indeterminate life term for a third strike offender under section 667, subdivision (e)(2)(A), in a case where the term otherwise provided for the current offense is a life sentence with possibility of parole but no minimum term is stated, the trial court should select between option 2 and option 3, whichever produces the greater sentence.

### D. Calculation of Defendant's Three Strike Sentence for Premeditated Attempted Murder.

In the present case, sentence must be imposed under section 667, subdivision (e)(2)(A), not section 664, because defendant has three prior serious or violent felony convictions. Because the current felonies were not committed on the same occasion and did not arise from the same operative facts (see discussion *ante*, pp. 1199-1200), consecutive life sentences are mandatory. (§ 667, subd. (c)(6).) In determining the minimum term of the life sentence on count I, premeditated attempted murder, option 1 is inapplicable because "the term otherwise provided as punishment" for that offense is itself a life sentence (see discussion *ante*, p. 1202); option 3 would result in a minimum term of 14 years (see discussion, *ante*, p. 1203 and fn. 7); therefore the correct minimum term in the present case is 25 years under option 2. Accordingly, defendant's sentence on count I, attempted premeditated murder, should be 25 years to life.

The People agree the proper sentence in this case is 25 years to life but they disagree with our method for reaching that result.

The People maintain option 1 should not be interpreted to mean that when "the term otherwise provided as punishment" is a straight life sentence

---

[7]Section 3046 states in relevant part that where two or more life sentences are ordered to run consecutively the defendant cannot be paroled until he or she has served the minimum parole eligibility period "on each of the life sentences." In multiple count cases under the three strikes law each count is to be calculated separately. (*People v. Cartwright* (1995) 39 Cal.App.4th 1123, 1143 [46 Cal.Rptr.2d 351].) Therefore, where a third strike defendant is sentenced to consecutive indeterminate life terms the total of *all* the minimum parole eligibility periods which must be served under section 3046 constitutes the "minimum term" of each indeterminate life term for purposes of option 3. For example, if a third strike defendant is sentenced to two consecutive indeterminate life terms the "minimum term" of each indeterminate life sentence under option three would be 14 years because the defendant would have a total minimum parole eligibility period of 14 years under section 3046. But, if the defendant was sentenced to four consecutive indeterminate life terms the "minimum term" of each indeterminate life sentence under option three would be 28 years because the defendant would have a total minimum parole eligibility period of 28 years under section 3046.

the minimum term is three life sentences—a result which the People concede would be absurd. Rather, the People contend in such a case the minimum term of the indeterminate sentence under option 1 should be three times the minimum term of confinement under section 3046. This interpretation, the People argue, would be consistent with *Jefferson* because it would use the minimum term of confinement under section 3046 as the "minimum term" in sentencing both second strike and third strike offenders in straight life cases. Furthermore, although it would not affect the sentence in the present case, this interpretation would preserve option 1 as a sentencing option if, in the future, the Legislature should increase the minimum term of confinement before parole eligibility from seven years to nine or more years[8] or if some other section of the law requires a minimum term of confinement of nine or more years before parole eligibility.[9]

Although there is a surface appeal to the People's argument, we cannot accept the People's interpretation of option one for two reasons.

First and foremost, it contradicts the Supreme Court's holding in *Jefferson* that the Legislature did not intend to multiply the period of confinement under section 3046 for third strike offenders. The majority in *Jefferson*, *supra*, was challenged by the dissent to "justify doubling the period set out in section 3046 for a second strike defendant when the drafters left the same period unmultiplied for a third strike defendant[.]"[10] (21 Cal.4th at p. 105 (dis. opn. of Werdegar, J.); see *id.* at p. 99 (maj. opn.).) The majority responded: "We see no inconsistency between the Legislature's decision to double the parole ineligibility period set by section 3046 for 'second strike' offenders *and its decision not to multiply that period for third strike offenders.*" (*Id.* at p. 99, italics added.) Thus, contrary to the interpretation urged by the People in the present case, the *Jefferson* majority specifically rejected tripling the parole ineligibility period set by section 3046 to determine the minimum term under option one.

But what if the *Jefferson* majority's conclusion about the punishment of third strike offenders could be dismissed as mere dictum and we were to agree with the People the period set out in section 3046 could be tripled under option 1 We would still be left with an absurd result because option 1 would call for tripling the minimum parole eligibility period under section 3046 while option 3 would call for using the same period

---

[8] Nine years tripled under option 1 would be 27 years which is more than the 25 years provided for under option 2.

[9] For example, section 186.22, subdivision (b)(4) requires a minimum term of confinement of 15 years, which, under option 1 would result in a sentence of 45 years to life. (See *People v. Jefferson, supra*, 21 Cal.4th at pp. 90, 99, 102.)

[10] The dissent is referring to option 3, which utilizes the terms provided by section 1170, 190 or 3046 without multiplication. (§ 667, subd. (e)(2)(A)(iii).)

*without* tripling it. If the Legislature had intended to triple the minimum parole eligibility period under option 1 it would not have included the same period, unmultiplied, in option 3. The minimum term calculated under option 1 would always be greater than the minimum term calculated under option 3.

For these reasons, we reiterate our conclusion. In third strike cases, where the term otherwise provided for the current offense is a straight life sentence with possibility of parole, the trial court should determine the minimum term by selecting either option 2 or option 3, whichever produces the greater sentence.

### DISPOSITION

The judgment in No. BA143017 is modified to provide the sentence on count I is 25 years to life and the judgment is affirmed as modified. The order after judgment in No. A983129 is affirmed.

Woods, J., and Neal, J., concurred.

A petition for a rehearing was denied April 10, 2000, and respondent's petition for review by the Supreme Court was denied June 21, 2000.