[No. S089120. Aug. 15, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
GREG ACOSTA, Defendant and Appellant.

[No. S068743. Aug. 15, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID LEWIS CORNELIUS, Defendant and Appellant.

### COUNSEL

David H. Goodwin, under appointment by the Supreme Court, for Defendant and Appellant Gregg Acosta.

Martin Nebrida Buchanan, under appointment by the Supreme Court, for Defendant and Appellant David Lewis Cornelius.

Daniel E. Lungren and Bill Lockyer, Attorneys General, George Williamson and David P. Druliner, Chief Assistant Attorneys General, Gary W. Schons and Carol Wendelin Pollack, Assistant Attorneys General, Adrianne S. Denault, David Delgado-Rucci, Michael C. Keller, Rama R. Maline, Lance E. Winters, Jaime L. Fuster and Scott C. Taylor, Deputy Attorneys General, for Plaintiff and Respondent.

### OPINION

**CHIN, J.**—The "Three Strikes" law provides that for a defendant convicted of a felony who has sustained two or more qualifying prior felony convictions—commonly known as strikes—"the term for the current felony conviction shall be an indeterminate term of life imprisonment," with the "minimum term of the indeterminate sentence" being the greatest of three options. (Pen. Code, §§ 667, subd. (e)(2)(A), 1170.12, subd. (c)(2)(A).)[1] One of those options is "[t]hree times the term otherwise provided as punishment

[1] All further unspecified statutory references are to the Penal Code. In their briefs, the parties cite and discuss the legislative version of the Three Strikes law, section 667,

for each current felony conviction subsequent to the two or more prior felony convictions" (option 1). (§ 667, subd. (e)(2)(A)(i).) For a defendant with only one prior strike, "the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction." (§ 667, subd. (e)(1).) The "One Strike" law provides that a defendant convicted of certain sex offenses under certain circumstances—which we will sometimes refer to as triggering circumstances—"shall be punished by imprisonment in the state prison for life and shall not be eligible for release on parole" for either 15 or 25 years. (§ 667.61.) Section 667, subdivision (a)(1), provides that a person convicted of a serious felony (as defined) shall receive a five-year enhancement for each prior serious felony conviction on charges brought and tried separately.

We granted review in these cases to consider the following questions regarding the sentence of a defendant who meets the criteria of all three statutes: (1) whether option 1 of the Three Strikes law requires tripling of a minimum period of parole ineligibility to calculate the minimum term of the indeterminate life sentence; (2) whether the Three Strikes law applies notwithstanding the defendant's eligibility for sentencing under the One Strike law; and (3) whether a prior conviction treated as a strike may also serve as the basis for referencing the One Strike law in calculating the minimum term and for imposing a sentence enhancement under section 667, subdivision (a). We answer all of these questions affirmatively.

FACTS

1.  *People v. Acosta.*

A jury convicted defendant Greg Acosta of forcible oral copulation (§ 288a, subd. (c)).[2] The trial court subsequently found he had sustained prior convictions under sections 264.1 (rape in concert) and 261, subdivision (a)(2) (forcible rape), and had served prior prison commitments for those prior convictions. Based on these findings, the court sentenced him to a prison term of 85 years to life. In setting this sentence, the court first imposed two consecutive five-year enhancements under section 667, subdivision (a), one for each of his prior convictions. It then added a consecutive life term with a minimum term of 75 years, which it calculated by taking the

subdivisions (b)-(i). For convenience, we do the same in the rest of this opinion. However, because the initiative version of the Three Strikes law (§ 1170.12) contains no substantive differences as to the issues before us, our discussion applies to it as well.

[2]The jury's verdict reflects a conviction of forcible oral copulation as charged in the information, and the parties agree that Acosta was convicted of this crime. However, the abstract of judgment indicates a conviction of oral copulation with a minor. On remand, the court should review this discrepancy and ensure that the abstract of judgment is correct.

25-year minimum period of parole ineligibility that, absent the Three Strikes law, would have applied under the One Strike law (§ 667.61, subd. (a)), and tripling it under option 1 of the Three Strikes law.

The Court of Appeal affirmed Acosta's conviction. Regarding sentence, the Court of Appeal rejected Acosta's argument that the One Strike law trumps the Three Strikes law, and held instead that the two statutes operate jointly. However, it also held that the trial court erred in tripling the 25-year minimum term of the One Strike law and imposing two 5-year enhancements under section 667, subdivision (a). Under the court's reading of the governing statutory language, one of Acosta's two prior convictions was "consume[d]" in "bring[ing] him within" the One Strike law, leaving only the other prior conviction for use under the Three Strikes law and under section 667, subdivision (a). Thus, the court held, Acosta "should have been sentenced to a term of 25 years to life under section 667.61, subdivision (a)," based on one of his prior convictions and, based on the remaining prior conviction, "that term should have been doubled" to 50 years "under" the Three Strikes law and a single five-year enhancement should have been imposed under section 667, subdivision (a). The court modified the judgment accordingly and directed the trial court to prepare a new abstract of judgment reflecting the modification. Both Acosta and the People petitioned for review, and we granted both petitions.

### 2.   *People v. Cornelius.*

A jury convicted defendant David Lewis Cornelius of forcible oral copulation (§ 288a, subd. (c)), forcible sodomy (§ 286, subd. (c)), and five counts of forcible rape (§ 261, subd. (a)(2)). As to each conviction and for purposes of applying the One Strike law, the jury also found he kidnapped the victim in a manner that substantially increased the risk of harm over and above the level of risk necessarily inherent in the underlying offense (§ 667.61, subd. (d)(2)). The jury also convicted Cornelius of kidnapping for sexual purposes. The trial court subsequently found he had sustained prior convictions for assault with intent to commit forcible rape (§ 220) and attempted robbery (§§ 211, 664), and had served prior prison commitments for those prior convictions. Based on these findings, the court sentenced him to a prison term of 230 years to life. As relevant here, that sentence included a term of 75 years to life on count two, which was one of the forcible rape convictions. In calculating the term for this count, the court took the 25-year minimum period of parole ineligibility that, absent the Three Strikes law, would have applied under the One Strike law (§ 667.61, subd. (a)), and tripled it under option 1 of the Three Strikes law.

On appeal, Cornelius challenged only his sentence, arguing in part that the trial court erred in applying the Three Strikes law to triple the One Strike

law's minimum period of parole ineligibility and impose a term of 75 years to life for his conviction on count two. The Court of Appeal disagreed, relying on *People v. Ervin* (1996) 50 Cal.App.4th 259 [57 Cal.Rptr.2d 728], and rejecting Cornelius's reliance on our decision in *People v. Jefferson* (1999) 21 Cal.4th 86 [86 Cal.Rptr.2d 893, 980 P.2d 441] (*Jefferson*). We granted Cornelius's petition for review, limiting the issues to whether the trial court correctly imposed a 75-year minimum term for his life sentence on count two.

### DISCUSSION

The One Strike law provides that defendants convicted of a specified sex offense "shall be punished by imprisonment in the state prison for life and shall not be eligible for release on parole for 25 years" (subject to reduction for good behavior) if they committed the specified offense "under one or more of the circumstances specified in subdivision (d)" of section 667.61, "or under two or more of the circumstances specified in subdivision (e)" of that section. (§ 667.61, subd. (a).) If they committed the specified crime "under" only "one of the circumstances specified in subdivision (e)," then they "shall be punished by imprisonment in the state prison for life and shall not be eligible for release on parole for 15 years" (again, subject to reduction for good behavior). (§ 667.61, subd. (b).) Acosta was convicted of one of the specified offenses—forcible oral copulation (§ 667.61, subd. (c)(6))—under the circumstance specified in subdivision (d)(1) of section 667.61 in that he had been previously convicted of a specified offense. Cornelius was convicted of three specified offenses—rape, forcible oral copulation, and forcible sodomy (§ 667.61, subd. (c)(1), (6))—under the circumstance specified in subdivision (d)(2) of section 667.61 in that he "kidnapped [his] victim . . . and the movement of the victim substantially increased the risk of harm to the victim over and above that level of risk necessarily inherent in the underlying offense[s] . . . ." Thus, both Acosta and Cornelius are eligible for a life sentence under the provision of the One Strike law that prohibits parole release for at least 25 years. (§ 667.61, subd. (a).)

Both Acosta and Cornelius also have two prior strikes, i.e., two qualifying prior felony convictions under the Three Strikes law. Acosta was previously convicted of rape in concert (§ 264.1) and forcible rape (§ 261, subd. (a)(2)), and Cornelius was previously convicted of assault with intent to commit forcible rape (§ 220) and attempted robbery (§§ 211, 664). Each of these crimes is either a "serious felony" under section 1192.7, subdivision (c), or a "violent felony" under section 667.5, subdivision (c), and therefore is a strike under the Three Strikes law. (§ 667, subd. (d)(1).) Because Acosta and Cornelius each have two prior strikes, the Three Strikes law specifies that

"the term for [their] current felony conviction shall be an indeterminate term of life imprisonment," with the "minimum term of the indeterminate sentence" being the greatest of the following options: (1) "[t]hree times the term otherwise provided as punishment for each current felony conviction subsequent to the two or more prior felony convictions"; (2) "[i]mprisonment in the state prison for 25 years"; or (3) "[t]he term determined by the court pursuant to Section 1170 for the underlying conviction, including any enhancement applicable under Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2, or any period prescribed by Section 190 or 3046" (option 3). (§ 667, subd. (e)(2).)

We must determine whether the sentences the trial courts imposed on Acosta and Cornelius are correct under these statutes. ■ All of the issues we must consider are questions of statutory interpretation. Thus, "our fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose. [Citation.] We begin by examining the statute's words, giving them a plain and commonsense meaning. [Citation.] We do not, however, consider the statutory language 'in isolation.' [Citation.] Rather, we look to 'the entire substance of the statute . . . in order to determine the scope and purpose of the provision . . . . [Citation.]' [Citation.] That is, we construe the words in question ' "in context, keeping in mind the nature and obvious purpose of the statute . . . ." [Citation.]' [Citation.] We must harmonize 'the various parts of a statutory enactment . . . by considering the particular clause or section in the context of the statutory framework as a whole.' [Citations.]" (*People v. Murphy* (2001) 25 Cal.4th 136, 142 [105 Cal.Rptr.2d 387, 19 P.3d 1129] (*Murphy*).) These familiar principles guide our interpretation of the sentencing provisions at issue here.

1. *Tripling of an Indeterminate Term's Minimum Period of Parole Ineligibility (Excluding Enhancements) Is Proper Under Option 1 of the Three Strikes Law.*

■ Cornelius argues the trial court erred in concluding that option 1 requires tripling of a minimum period of parole ineligibility where, absent the Three Strikes law, a defendant would receive an indeterminate term under another statute. He asserts that "nothing in the Three Strikes law itself . . . authorizes tripling of a minimum parole ineligibility period of an indeterminate life sentence." He recognizes that in *Jefferson,* we held the trial court "should . . . have doubled the minimum parole ineligibility term" in sentencing the defendant, who had one prior strike and was eligible for an indeterminate term under a statute other than the Three Strikes law. However, he contends we should construe the "tripling provision," i.e., option 1,

"differently" because its language is "notably different"; "[t]he doubling provision [expressly] requires multiplying of the 'minimum term for an indeterminate term,' whereas the tripling provision does not." He also asserts that in *Jefferson*, we "recognized" that "the plain language of the three strikes law permits doubling but not tripling of such a minimum parole period."[3]

In *Jefferson*, we determined how the Three Strikes law's sentence-doubling provision, which governs defendants with one prior strike, applied to defendants convicted of attempted premeditated murder, which is punishable under section 664 by imprisonment for life "with the possibility of parole." (*Jefferson, supra*, 21 Cal.4th at p. 90.) The doubling provision provides that for a defendant with one prior strike, "the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction." (§ 667, subd. (e)(1).) We initially explained that under this provision, if the statute under which defendant would be sentenced for the new felony absent the Three Strikes law expressly prescribes an indeterminate term of, for example, "15 years to life," then the defendant "will receive a sentence of 30 years (2 times 15 years) to life." (*Jefferson, supra*, 21 Cal.4th at p. 90.) We then considered the provision's application in connection with section 664, which prescribes an indeterminate term, "[b]ut . . . says nothing about service of a minimum term . . . ." (*Jefferson, supra*, 21 Cal.4th at p. 90.) We first determined that under the current Determinate Sentencing Act, "the prison 'term' " for both determinate sentences and indeterminate life sentences with the possibility of parole "is the actual time served in prison *before* release on parole . . . ." (*Jefferson*, at p. 95.) We then determined that "a specified term of incarceration before being released on parole" is "a 'minimum term' within the sentence-doubling language of section 667[, subdivision] (e)(1)." (*Jefferson, supra*, 21 Cal.4th at p. 96.) We next found that although section 664 did not specify such a "minimum term," section 3046 did, because it "requires that a defendant sentenced to life imprisonment with the possibility of parole serve 'at least seven calendar years or . . . a term as established pursuant to any other section of law that establishes a [greater] minimum period of confinement' before becoming eligible for parole . . . ." (*Jefferson, supra*, 21 Cal.4th at p. 96.) Thus, we held that the minimum period of parole ineligibility under section 3046 had to be doubled in calculating the defendants' sentences. (*Jefferson, supra*, 21 Cal.4th at p. 90.) We then found that

---

[3]Acosta similarly states that "[t]he doubling provision of the Three Strikes [l]aw is fundamentally different from the tripling provision," in that the former "requires doubling of the 'minimum term for an indeterminate term,' " whereas the latter contains "no comparable tripling provision for Three Strikes cases." Acosta did not raise this argument below, and he *does not separately argue that, as a general matter, option 1 does not require tripling of an indeterminate term's minimum period of parole ineligibility.*

the period under section 3046 for the defendants was set by some "other section" of law: section 186.22, subdivision (b)(4), which specifies increased penalties for crimes committed in connection with criminal street gangs. (*Jefferson, supra,* 21 Cal.4th at p. 99.) That section, we explained, "sets forth" a "15-year minimum term" as "an *alternate* penalty for the underlying felony itself, when the jury has determined that the defendant has satisfied the conditions specified in the statute. Thus, [it] establishes the punishment for the 'current felony conviction' within the meaning of section [667, subdivision] (e)(1)," and its 15-year minimum term "should have [been] doubled . . . ." (*Jefferson, supra,* 21 Cal.4th at pp. 101-102.)

Based on the substantial similarity between the language of option 1 and the doubling provision at issue in *Jefferson,* we conclude the calculation under option 1 requires tripling of a minimum period of parole ineligibility. The doubling provision specifies the method for calculating the "minimum term for an indeterminate term" (§ 667, subd. (e)(1)), and option 1, using substantially similar language, specifies one of three methods for calculating the "minimum term of the indeterminate sentence . . . ." (§ 667, subd. (e)(2)(A).) The doubling provision requires multiplying "the term otherwise provided as punishment for the current felony conviction" (§ 667, subd. (e)(1)), and option 1, again using substantially similar language, requires multiplying "the term otherwise provided as punishment for each current felony conviction subsequent to the two or more prior felony convictions." (§ 667, subd. (e)(2)(A)(i).) The slight linguistic differences between these two provisions simply recognize that whereas the Three Strikes law requires an indeterminate life sentence for *all* defendants with two prior strikes regardless of other sentencing provisions, defendants with only one prior strike may receive either a determinate or an indeterminate sentence, depending on the sentencing provisions that would otherwise apply. (§ 667, subd. (e); see *In re Cervera* (2001) 24 Cal.4th 1073, 1075 [103 Cal.Rptr.2d 762, 16 P.3d 176].) These linguistic differences do not, as Cornelius argues and as Justice Werdegar asserts in her concurring and dissenting opinion, establish, or even suggest, that we should not apply *Jefferson*'s construction of the doubling provision to option 1. ■ As a matter of statutory construction, "a word or phrase repeated in a statute should be given the same meaning throughout. [Citation.]" (*People v. Nguyen* (1999) 21 Cal.4th 197, 205 [87 Cal.Rptr.2d 198, 980 P.2d 905].) ■ Thus, *Jefferson*'s construction of the doubling provision governs option 1 because the two provisions are "worded almost identically" and "deal[] with the same subject matter." (*People v. Mendoza* (2000) 78 Cal.App.4th 918, 929 [93 Cal.Rptr.2d 216].)

Cornelius argues this construction "would render meaningless the reference to section 3046 in option [3]." For defendants who, absent the Three

Strikes law, would receive an indeterminate term under another statute, the minimum term under option 3 for third strike offenders is "any period prescribed by Section 190 or 3046." (§ 667, subd. (e)(2)(A)(iii).) Cornelius argues that under *People v. Jenkins* (1995) 10 Cal.4th 234, 254 [40 Cal.Rptr.2d 903, 893 P.2d 1224] (*Jenkins*), "enhancements (including serious felony priors) are included as part of the minimum period of parole ineligibility prescribed by section 3046." "Thus," he continues, "if option [1] require[s] tripling of the minimum period established by section 3046, it would also require tripling of any applicable enhancements . . . . Such tripling would always result in a greater figure than the untripled option [3] . . . ." This construction "would render meaningless" the part of option 3 that specifies the minimum term as "any period prescribed by Section 190 or 3046" (§ 667, subd. (e)(2)(A)(iii)), because the minimum term calculated under that part would always be less than the minimum term calculated under option 1. Thus, Cornelius concludes, "[i]n order to give meaning to the explicit reference to section 3046 in option [3], option [1] cannot be interpreted to permit tripling of the parole ineligibility period of section 3046."

Initially, we agree with Cornelius's implicit assumption that *Jenkins* applies to the Three Strikes law and establishes that the calculation under option 3 includes certain enhancements. In *Jenkins*, we construed section 667.7, which is a habitual offender statute that predates the Three Strikes law. (*Jenkins, supra*, 10 Cal.4th at pp. 238-239.) For qualifying offenders who have served two prior separate prison terms, section 667.7, subdivision (a)(1), prescribes a life sentence with the minimum term of required imprisonment being the greatest of three options, one of which is "any period prescribed by Section 190 or 3046." In *Jenkins*, we held that the calculation under this option includes "any applicable enhancement" that "would be used to lengthen a term of imprisonment imposed" under statutes other than section 667.7. (*Jenkins, supra*, 10 Cal.4th at p. 252.) We based our conclusion largely on language in section 3046 that "incorporates by reference other relevant sections prescribing the minimum period of time a person sentenced to a life term must be imprisoned before becoming eligible for parole." (*Jenkins, supra*, 10 Cal.4th at p. 251.) Option 3 of the Three Strikes law contains language identical to that in section 667.7, subdivision (a)(1); the minimum term under option 3 for third strike offenders who, absent the Three Strikes law, would receive an indeterminate term under another statute is "any period prescribed by Section 190 or 3046." (§ 667, subd. (e)(2)(A)(iii).) No basis exists for construing this language differently in the context of the Three Strikes law. Thus, we conclude the minimum term under option 3 includes any applicable enhancement that would be used to lengthen the term the defendant would receive absent the Three Strikes law.

(Cf. *People v. Cartwright* (1995) 39 Cal.App.4th 1123, 1142 [46 Cal.Rptr.2d 351] [interpretation of language in one "habitual criminal statute[] . . . controls the interpretation of the identical language" in another "habitual criminal statute[]" that is "in pari materia" with the first].)

However, Cornelius's argument fails because applying *Jefferson* to a defendant with two prior strikes does not require tripling of enhancements under option 1. Both defendants in *Jefferson* were convicted of attempted premeditated murder and were subject to various mandatory consecutive sentence enhancements. (*Jefferson, supra,* 21 Cal.4th at pp. 90-91.) We concluded that in applying the Three Strikes law's doubling provision to the indeterminate sentence for attempted premeditated murder, section 3046 "establish[ed]" the minimum term. (*Jefferson, supra,* 21 Cal.4th at p. 99.) However, in applying this conclusion, we did *not* double the term for defendants' mandatory consecutive sentence enhancements; we doubled only the 15-year minimum term specified in section 186.22, subdivision (b)(4). (*Jefferson, supra,* 21 Cal.4th at p. 102.) Thus, properly understood, *Jefferson* held that the minimum term to be multiplied under the Three Strikes law's doubling provision was the term that, absent the Three Strikes law, would apply under section 3046, *excluding enhancements.*

This understanding of *Jefferson* is consistent with our discussion of option 1 in *People v. Dotson* (1997) 16 Cal.4th 547 [66 Cal.Rptr.2d 423, 941 P.2d 56] (*Dotson*).) There, the defendant was convicted of first degree burglary, had four prior strikes, and was subject to four 5-year enhancements under section 667, subdivision (a), for prior serious felony convictions. (*Dotson, supra,* 16 Cal.4th at pp. 550-551.) In discussing the defendant's sentence, we explained that under option 1, the minimum term for the indeterminate term of a third strike offender "is calculated by tripling 'the term otherwise provided as punishment' for the current conviction," and that because the defendant "was sentenced to six years for first degree burglary," his minimum term under option 1 "would be eighteen years." (*Id.* at p. 552.) Thus, in calculating the minimum term under option 1, we did not triple the enhancements. This discussion is consistent with the conclusion that under *Jefferson,* the minimum term to be multiplied under both option 1 and the Three Strikes law's doubling provision is the term that, absent the Three Strikes law, would apply under section 3046, excluding enhancements. (See *People v. Ruiz* (1996) 44 Cal.App.4th 1653, 1662-1664 [52 Cal.Rptr.2d 561] [excluding enhancements in tripling, under option 1, the 15-year minimum term for second degree murder]; *People v. Anderson* (1995) 35 Cal.App.4th 587, 596 [41 Cal.Rptr.2d 474] [under "only logical reading" of the Three Strikes law, enhancements are included in calculating the minimum term under option 3, but not under option 1].) Moreover, because enhancements are included in

calculating the minimum term under option 3 but not under option 1, our construction of option 1 does not, as Cornelius argues, render option 3 partially meaningless.

Cornelius contends that a passage from the majority opinion in *Jefferson* precludes us from construing option 1 to require tripling of an indeterminate term's minimum period of parole ineligibility (excluding enhancements). In *Jefferson*, the dissent asserted we should not refer to section 3046 to determine the minimum term of an indeterminate term to be doubled under the Three Strikes law. (*Jefferson, supra*, 21 Cal.4th at pp. 102-108 (dis. opn. of Werdegar, J.).) The dissent reasoned in part: "[W]hen the drafters did make [express] use of section 3046 [in option 3], they did not require the court to *multiply* the seven-year period of parole ineligibility set out therein. For the rare third strike case not covered by another provision of the Three Strikes law, the drafters apparently were satisfied to rely on the Board of Prison Terms to decide when, if ever, after the period set out in section 3046, such an offender would be released on parole. How can we justify doubling the period set out in section 3046 for a second strike defendant when the drafters left the same period unmultiplied for a third strike defendant?" (*Jefferson, supra*, 21 Cal.4th at p. 105 (dis. opn. of Werdegar, J.).) The majority replied: "We see no inconsistency between the Legislature's decision to double the parole ineligibility period set by section 3046 for second strike offenders and its decision not to multiply that period for third strike offenders. As to third strike offenders, section 3046 comes into play only in a very limited number of cases: those in which the minimum term of confinement is (1) more than three times the term provided as punishment for the current conviction *and* is (2) more than twenty-five years. The Legislature may have seen no need to multiply these extremely long sentences, notwithstanding its conclusion that the shorter parole ineligibility period in section 3046 should be multiplied for second strike offenders." (*Jefferson, supra*, 21 Cal.4th at p. 99.)

For several reasons, we reject Cornelius's reliance on this discussion in *Jefferson*. First, *Jefferson* involved the proper calculation of the minimum term for a second strike offender, and thus did not directly present the question now before us, i.e., how to calculate the minimum term for a third strike offender under option 1. Second, the discussion Cornelius cites responded to an argument of the dissent, not to an argument the parties addressed in briefing. (See *Jefferson, supra*, 21 Cal.4th at p. 98.) Third, the majority in *Jefferson* chose to answer the dissent on its own terms, without examining its underlying assumption that option 1 does not provide for tripling of the term that, absent the Three Strikes law, would apply under section 3046. Indeed, the majority had no need to consider this question in depth, because, as we have noted, *Jefferson* did not present the question of

the proper construction of option 1. On further consideration here, in cases that directly present the question, we conclude for the reasons already discussed that option 1 requires tripling of the minimum period of parole ineligibility (excluding enhancements) that, absent the Three Strikes law, would apply under either section 3046 or some other statute—here, the One Strike law.[4] This construction completely avoids the anomaly the dissent in *Jefferson* posited, where the doubled minimum term of a second strike offender is greater than the unmultiplied minimum term of a third strike offender convicted of the same crime.

### 2. *The Three Strikes Law Applies Notwithstanding a Defendant's Eligibility for Sentencing Under the One Strike Law.*

Both Acosta and Cornelius assert that in determining sentence, the trial court should have applied the One Strike law without considering the Three Strikes law. They argue that both the language of the One Strike law—specifically, subdivisions (f) and (g) of section 667.61—and its legislative history preclude using the Three Strikes law to double or triple the minimum term of the One Strike law. Acosta also argues the One Strike law is essentially "a sentence enhancement, as opposed to a sentence for substantive crime," and that "sentence enhancements are not included as part of the doubling or tripling of a sentence required under the Three Strikes [l]aw."

For several reasons, we reject these arguments. First, the One Strike law is not, as Acosta contends, a sentence enhancement. "A sentence enhancement is 'an *additional term* of imprisonment added to the base term.' (Cal. Rules of Court, rule 405(c), italics added.)" (*Jefferson, supra,* 21 Cal.4th at p. 101.) The 25-year minimum term of the One Strike law "does not fall within [this] definition of an enhancement, because it is not an 'additional term of imprisonment' and it is not added to a 'base term.'" (*Ibid.* [holding that 15-year minimum term under § 186.22, subd. (b)(4), is not an enhancement].) Rather, it "sets forth an *alternate* penalty for the underlying felony itself, when the jury has determined that the defendant has satisfied the [statute's] conditions . . . ." (*Jefferson, supra,* 21 Cal.4th at p. 101.) Thus, the One Strike law does not establish an enhancement, but "sets forth an alternative and harsher sentencing scheme for certain enumerated sex crimes" when a defendant commits one of those crimes under specified circumstances. (*People v. Mancebo* (2002) 27 Cal.4th 735, 741 [117 Cal.Rptr.2d 550, 41 P.3d 556]; see also *Murphy, supra,* 25 Cal.4th at p. 155 [§§ 666, 667.71, and the Three Strikes law do not establish enhancements]; *Jenkins, supra,* 10 Cal.4th at p. 254 [§ 667.7 does not establish enhancement]; *People v. Jones* (1997) 58 Cal.App.4th 693, 709, fn. 9 [68 Cal.Rptr.2d

---

[4]We disapprove *People v. Dozier* (2000) 78 Cal.App.4th 1195 [93 Cal.Rptr.2d 600], to the extent it is inconsistent with this conclusion.

506] [One Strike law establishes " 'alternative sentencing scheme,' " not an enhancement].)

To the extent the statutory language contains any ambiguity on this question, relevant legislative history confirms that the Legislature did not intend the One Strike law to establish an enhancement.[5] As initially proposed in Senate Bill No. 26X, section 667.61 provided that a qualifying defendant "shall be punished by an additional consecutive term of imprisonment . . . for 25 years to life," and that this "additional term . . . shall be in addition to . . . any other applicable term of imprisonment, including any term . . . imposed for the underlying offense . . . ." (Sen. Bill No. 26X (1993-1994 1st Ex. Sess.) as amended May 4, 1994, § 8.) Two legislative analyses explained that the proposed statute would create an "indeterminate enhancement" of 25 years to life to be added to the base penalty for the underlying offense. (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 26X (1993-1994 1st Ex. Sess.) as amended May 4, 1994, p. 15; Assem. Com. on Public Safety, Analysis of Sen. Bill No. 26X (1993-1994 1st Ex. Sess.) as amended May 25, 1994, p. 1.) The analysis of the Senate Judiciary Committee noted that adding an "indeterminate enhancement" to "the base penalty" would be a "new procedure," and then asked whether "it [would] not be more productive to create a new crime with a life sentence than to create a life enhancement to be added to a determinate sentence." (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 26X (1993-1994 1st Ex. Sess.) as amended May 4, 1994, p. 15.) The Assembly Public Safety Committee's analysis similarly explained that "[t]here are no other such [life] enhancements in the law," and cautioned that this "unique[] . . . approach may result in litigation on the . . . validity of an indeterminate enhancement." (Assem. Com. on Public Safety, Analysis of Sen. Bill No. 26X (1993-1994 1st Ex. Sess.) as amended May 25, 1994, pp. 2-3.) After also explaining that the Assembly Public Safety Committee "ha[d] passed" Assembly Bill No. 1029, which had "the same intent" as Senate Bill No. 26X but established "a life sentence rather than a life enhancement," the Assembly Public Safety Committee's analysis asked: "Should not this bill be amended to conform to the more narrowly crafted [Assembly Bill No.] 1029?" (Assem. Com. on

---

[5]We grant the requests of Acosta and Cornelius for judicial notice of certain materials from the legislative history of the One Strike law, including legislative analyses and various versions of the proposed legislation. (See Evid. Code, § 452, subd. (c).) Acosta also requests judicial notice of certified court records from three unrelated cases involving other defendants, which he asserts are relevant because they demonstrate the sentences that can result from applying option 1 to triple the minimum term that, absent the Three Strikes law, would apply under the One Strike law. We deny this request, because it is not necessary to review actual case files to envision these results. (See *Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison* (1998) 18 Cal.4th 739, 748, fn. 6 [76 Cal.Rptr.2d 749, 958 P.2d 1062] [declining to take judicial notice of materials that are not "necessary, helpful, or relevant"].)

Public Safety, Analysis of Sen. Bill No. 26X (1993-1994 1st Ex. Sess.) as amended May 25, 1994, p. 3.) The Assembly answered this question affirmatively, and amended Senate Bill No. 26X by deleting the enhancement language and adding the language of Assembly Bill No. 1029, which is the same language that exists today.[6] (Sen. Bill No. 26X (1993-1994 1st Ex. Sess.) as amended Aug. 22, 1994, § 1; see also Assem. Bill No. 1029 (1993-1994 Reg. Sess.) as amended Aug. 19, 1994, § 1.) Thus, the legislative history shows that in enacting the One Strike law, the Legislature intended to establish a life sentence, and consciously declined to establish a life enhancement. Accordingly, we must reject the argument Acosta bases on the premise that the One Strike law is a sentence enhancement.[7]

Second, the relevant statutory language refutes defendants' assertion that the Legislature intended the One Strike law to render the Three Strikes law inapplicable. Initially, we observe that defendants' assertion is directly contrary to several provisions of the Three Strikes law. Subdivision (f)(1) of section 667 provides that "[n]otwithstanding *any* other law," the sentencing provisions of the Three Strikes law "shall be applied in *every* case in which a defendant has a [qualifying] prior felony conviction . . . ." (Italics added.) Subdivision (e) of section 667 similarly provides that the sentencing provisions of the Three Strikes law "*shall apply* where a defendant has a [qualifying] prior felony conviction." (Italics added.) Through these sections, "the Legislature has expressly indicated that where a defendant has a qualifying prior felony conviction, the sentencing provisions of the Three Strikes law . . . *must* be applied . . . ." (*Murphy, supra,* 25 Cal.4th at p. 157.) Defendants' interpretation violates both of these mandatory provisions; under it, the sentencing provisions of the Three Strikes would not be applied even though both defendants have *two* qualifying prior convictions. Thus, the provisions of the Three Strikes law directly refute defendants' assertion that the Legislature intended the One Strike law to operate in lieu of the Three Strikes law. (Cf. *Murphy, supra,* 25 Cal.4th at pp. 157-158 [habitual sex offender statute (§ 667.71) does not establish exclusive alternative to the Three Strikes law].)

Acosta recognizes that his construction is inconsistent with the express language of the Three Strikes law. However, he argues that when the Legislature enacted the Three Strikes law, "it was not known what statutes would be subsequently enacted," and that we therefore should read the

---

[6]The Legislature eventually passed Assembly Bill No. 1029 (1993-1994 Reg. Sess.) in addition to Senate Bill No. 26X (1993-1994 1st Ex. Sess.). (Stats. 1994, ch. 447, § 1, p. 2412.) It later repealed the One Strike law as enacted through Assembly Bill No. 1029. (Stats. 1997, ch. 817, § 5.)

[7]In dictum, we previously stated that the One Strike law "creates" an "enhancement." (*People v. Rayford* (1994) 9 Cal.4th 1, 8 [36 Cal.Rptr.2d 317, 884 P.2d 1369].) As we have explained here, it does not.

command that the Three Strikes law "shall be applied" to qualifying defendants "in every case" "[n]otwithstanding any other law" (§ 667, subd. (f)(1)), "as incorporating existing sentencing provisions, and not necessarily incorporating provisions enacted at a later date." If we do not so interpret the Three Strikes law, Acosta continues, and we literally apply its mandatory language, "no matter how clear the Legislature is in expressing that later statutes are not subject to the Three Strikes law," the Three Strikes law "will always apply." Thus, Acosta insists, "[t]o determine whether a subsequent provision is intended to be included in [the Three Strikes law], one must look to the language used by the Legislature in the subsequent statute." Both Acosta and Cornelius argue that the language and history of the One Strike law, which was enacted after the legislative Three Strikes law, demonstrate that the minimum terms of the One Strike law were not intended to be subject to the doubling or tripling provisions of the Three Strikes law.

As for Acosta's observation regarding the effect of literally interpreting the mandatory language of the Three Strikes law, Acosta has accurately described precisely what the Legislature intended. Acosta is correct that when it passed the Three Strikes law, the Legislature did not know what statutes would be later enacted. However, we must assume the Legislature also was aware of this fact, and if it had intended that the Three Strikes law would not necessarily apply to later enacted statutes, it would have so specified. Instead, as we have explained, the Legislature specified that the sentencing provisions of the Three Strikes law "shall be applied in every case" where a defendant has a qualifying prior felony conviction, "[n]otwithstanding any other law." (§ 667, subd. (f)(1).) This language indicates the intent to preclude, absent amendment of the Three Strikes law, a subsequent Legislature from rendering the Three Strikes law's sentencing provisions inapplicable to a particular felony conviction, either in every case involving that particular felony or under specified circumstances. The voters apparently had a similar intent in passing the initiative version of the Three Strikes law *after* the One Strike law was originally enacted; they included in section 1170.12 nearly identical mandatory language and prohibited the statute's amendment without two-thirds vote of the Legislature or voter approval. (§ 1170.12, subd. (d)(1), added by initiative, Prop. 184, text reprinted at Stats. 1994, § 4, pp. A-314 to A-317.) The ballot argument in favor of the initiative asserted that its passage would "strengthen" the legislative Three Strikes law and "tell" the "Sacramento politicians" who "pass[ed]" the law, " 'hands off 3 Strikes.' " (Ballot Pamp., Gen. Elec. (Nov. 8, 1994) argument in favor of Prop. 184, p. 36; see also *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 528 [53 Cal.Rptr.2d 789, 917 P.2d 628] [ballot arguments of Three Strikes initiative is evidence of voters' intent].) Thus,

Acosta's concern about the consequence of strictly applying the language of the Three Strikes law is unpersuasive.[8]

Given the language of the Three Strikes law, we must view defendants' argument as an assertion that the One Strike law impliedly repealed the Three Strikes law with respect to all defendants who satisfy the conditions of the One Strike law. Under defendants' interpretation, the One Strike law overrides the statutory command that the Three Strikes law "shall be applied in every case" in which a defendant has a qualifying prior felony conviction, "[n]otwithstanding any other law." (§ 667, subd. (f)(1).) As we have often explained, all presumptions are against a repeal by implication. (E.g., *Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 487 [110 Cal.Rptr.2d 370, 28 P.3d 116].) Absent an express declaration of legislative intent, we will find an implied repeal only when no rational basis exists to harmonize the two potentially conflicting statutes, and the statutes are irreconcilable, clearly repugnant, and so inconsistent that they cannot operate concurrently. (*Ibid.*)

Turning to the statutory language, unlike Acosta or Cornelius, we find no evidence—either express or implied—of a legislative intent that the One Strike law partially repeal or replace the Three Strikes law. Instead, we find that the statutory language indicates precisely the contrary. Subdivision (f) of section 667.61 provides in part that if the prosecution establishes more than "the minimum number of circumstances" necessary to establish eligibility for sentencing under the One Strike law, "the minimum number of circumstances shall be used as the basis for imposing the term provided in" the One Strike law, "and any other additional circumstance or circumstances shall be used to impose any punishment or enhancement authorized under any other law." Clearly, this provision contemplates, and indeed requires, that in some cases, a defendant eligible for sentencing under the One Strike law will receive the punishment "authorized under *any* other law." (§ 667.61, subd. (f), italics added.) Of course, the Three Strikes law is one such law. Thus, subdivision (f) of section 667.61 belies defendants' argument that the language of the One Strike law either expressly precludes, or shows the Legislature did not intend, application of the Three Strikes law to defendants meeting the criteria of the One Strike law.

---

[8]By letter faxed to this court the day before oral argument, Cornelius raised a new argument under section 667, subdivision (h), which provides that "[a]ll references" in the Three Strikes law "to existing statutes . . . are to statutes as they existed on June 30, 1993." Cornelius argues that as to offenses this provision governs—those committed before March 8, 2000 (see § 667.1)—the Three Strikes law only permits multiplying sentences "as they existed on June 30, 1993" (§ 667, subd. (h)), a date that excludes the later enacted One Strike law. Procedurally, Cornelius's argument is untimely. (See *Garcia v. McCutchen* (1997) 16 Cal.4th 469, 482, fn. 10 [66 Cal.Rptr.2d 319, 940 P.2d 906].) Substantively, it is incorrect. The cited section governs the meaning of statutory "references" in the Three Strikes law. (§ 667, subd. (h).) Because the Three Strikes law has never contained a reference to the One Strike law, the section is inapplicable. Cornelius cites no support for his untimely argument.

Defendants assert that subdivision (g) of section 667.61 supports their interpretation and precludes applying the Three Strikes law where a defendant qualifies under the One Strike law. That section provides that the term specified in the One Strike law "shall be imposed on the defendant once for any offense or offenses committed against a single victim during a single occasion. If there are multiple victims during a single occasion, the term specified in subdivision (a) or (b) shall be imposed on the defendant once for each separate victim. Terms for other offenses committed during a single occasion shall be imposed as authorized under any other law, including Section 667.6, if applicable." (§ 667.61, subd. (g).) Defendants argue that applying the Three Strikes law to double or triple the minimum term that would otherwise apply under the One Strike law "in effect," or "effectively," would impose the One Strike law two or three times for a sex offense committed against a single victim, thus violating section 667.61, subdivision (g)'s command that the One Strike law "shall be imposed . . . once" under these circumstances. They also argue the last sentence of subdivision (g) clarifies that the sentencing provisions of "any other law," including the Three Strikes law, may be applied only to offenses "other" than the one for which the "one strike sentence" is imposed.

For several reasons, we reject defendants' arguments. First, defendants are incorrect that applying the Three Strikes law's doubling or tripling provisions would "effectively" or "in effect" impose the sentence of the One Strike law more than once. The One Strike law's sentence can be said to be imposed more than once for a single conviction only where a defendant receives multiple life terms, each with a minimum term of 15 or 25 years. By contrast, defendants each received but a single life term, with the minimum term set at three times the minimum term that, absent the Three Strikes law, would have applied under the One Strike law. Second, defendants' argument misconstrues the purpose of section 667.61, subdivision (g). That subdivision simply specifies how many of the offenses a defendant commits "during a single occasion" qualify for a life sentence under the One Strike law. (§ 667.61, subd. (g).) It does not preclude application of other sentencing provisions, such as the Three Strikes law, to the term of the One Strike law. Finally and most fundamentally, defendants' argument misconstrues the process by which their sentences were imposed. As we have explained, for defendants with two prior strikes, the Three Strikes law provides that "the term for the current felony conviction shall be an indeterminate term of life imprisonment," and specifies three methods for calculating the "minimum term of the indeterminate sentence." (§ 667, subd. (e)(2)(A).) Thus, under the circumstances here, the term under the One Strike law is not imposed and then multiplied. Instead, the Three Strikes law itself imposes the indeterminate life term and requires reference to the One Strike law only in

calculating the minimum term for that indeterminate sentence. (§ 667, subd. (e)(2); cf. *In re Cervera, supra,* 24 Cal.4th at p. 1075; *Dotson, supra,* 16 Cal.4th at p. 552.)

Nothing in the One Strike law is inconsistent with the conclusion that defendants' life terms are being imposed under the Three Strikes law. The language of the One Strike law stating that qualifying defendants "shall be punished by imprisonment . . . for life" with a minimum 15- or 25-year term (§ 667.61, subds. (a) & (b)), does not preclude imposing sentence on a qualifying defendant under another statute prescribing greater punishment. We previously construed similar language in former section 190—persons convicted of murder " 'shall suffer confinement in the state prison' for specified periods"—as "establish[ing] a 'floor,' i.e., a minimum term of imprisonment that a person convicted of murder is required to serve," and not as "establish[ing] that a murderer [had to] be sentenced under [former section 190] to the exclusion of any other sentencing scheme," or "preclud-[ing] a murderer from receiving a total sentence that [was] greater than the term provided under [former] section 190 where other factors . . . [were] present that increase[d] the defendant's culpability or otherwise warrant[ed] greater punishment." (*Jenkins, supra,* 10 Cal.4th at pp. 245-246, fn. 7.) Similarly, the One Strike law establishes a floor—a minimum term a quali-fying defendant must serve—but does not require sentencing under the statute to the exclusion of any other sentencing provisions, or preclude imposing a total sentence that is greater than the term of the One Strike law when other factors warrant greater punishment. Indeed, the language of the One Strike law expressly supports this conclusion; it provides that if the prosecution establishes only the minimum number of triggering circum-stances, "that circumstance or those circumstances shall be used" to impose the term under the One Strike law "rather than . . . to impose the punish-ment authorized under any other law, *unless another law provides for a greater penalty.*" (§ 667.61, subd. (f), italics added.) Thus, we reject defend-ants' claim that the language of the One Strike law shows a legislative intent to override the Three Strikes law.

As for legislative history, Acosta relies on a section in a Senate Judiciary Committee report analyzing the May 4, 1994, version of Senate Bill No. 26X. That report, he argues, "expressly discussed how [the Legislature] anticipated the Three Strikes law would come into play in the present situation." Acosta also relies on a Senate Appropriations Committee Fiscal Summary of Assembly Bill No. 1029, the bill through which the Legislature simultaneously enacted an identical version of the One Strike law. In his view, these reports show the Legislature did not intend the minimum term of the One Strike law to be doubled or tripled under the Three Strikes law.

They show instead that the Legislature intended the One Strike law to be "a self-contained penalty provision that operates independently of other sentencing schemes," and that "a *Three Strikes* defendant convicted under [the One Strike law] would receive a sentence of twenty-five years to life."

A close review of the *entire* Senate Judiciary Committee report Acosta cites and the version of Senate Bill No. 26X it analyzed shows that Acosta is incorrect for several reasons. First, the language of section 667.61 as proposed in the May 4, 1994, version of Senate Bill No. 26X affirmatively refutes Acosta's assertion the Legislature viewed the One Strike law as a self-contained penalty provision that would override all other provisions; it mandated that an indeterminate, "consecutive," sentence enhancement of "25 years to life" be imposed "in addition to . . . any other applicable term of imprisonment, including any term . . . imposed for the underlying offense . . . and any enhancement of sentence authorized by any other law . . . ." (Sen. Bill No. 26X (1993-1994 1st Ex. Sess.) as amended May 4, 1994, § 8.) Second, the section of the report Acosta cites did not, as he asserts, discuss the effect of the Three Strikes law where a defendant also qualified for section 667.61's proposed indeterminate sentence enhancement, or specify the sentence of "a Three Strikes defendant convicted under section 667.61." Rather, it described the effect of the Three Strikes law on sentences generally, and specifically described the effect of the Three Strikes law in connection with *other* provisions in the May 4 version of Senate Bill No. 26X that would have doubled the base prison sentences for certain sex crimes. (Sen. Bill No. 26X (1993-1994 1st Ex. Sess.) as amended May 4, 1994, §§ 1-7.) This conclusion is obvious from three aspects of the cited section itself: (1) it was titled "Effect of the 'Three Strikes' law *on sentences*"; (2) it described the effect of the Three Strikes law on the sentence of a defendant who, after sustaining prior convictions for a violent or serious offense, commits "*any* felony," not merely a felony specified in the proposed One Strike law; and (3) it did not even mention section 667.61 or the proposed indeterminate enhancement. (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 26X (1993-1994 1st Ex. Sess.) as amended May 4, 1994, pp. 9-10, italics added.) Indeed, the report discussed the proposed indeterminate sentence enhancement in an entirely separate section, which did not address the One Strike law's operation in connection with the Three Strikes law or any other statute. (*Id.* at pp. 14-16.) Thus, the Senate Judiciary Committee report Acosta cites does not, as he asserts, indicate a legislative intent that the Three Strikes law not be applied where a defendant qualifies under the One Strike law, or that the Three Strikes law's doubling and tripling provisions not be applied to the minimum term of the One Strike law.

The other legislative analysis Acosta cites, a Senate Appropriations Committee Fiscal Summary of Assembly Bill No. 1029, affirmatively refutes his

understanding of the Legislature's intent. The fiscal summary analyzed a version of Assembly Bill No. 1029 that proposed a new statute prescribing a life sentence for a defendant who committed a specified sex offense under specified circumstances, with a minimum term as the greater of 10 years or the term the defendant would otherwise serve for the sex offense. (Assem. Bill No. 1029 (1993-1994 Reg. Sess.) as amended May 16, 1994, § 1.) After explaining these provisions, the fiscal summary noted that because the new statute established a felony, a conviction under it would bring the Three Strikes law into play. (Sen. Com. on Appropriations, Fiscal Summary of Assem. Bill No. 1029 (1993-1994 Reg. Sess.) as amended May 16, 1994, p. 1.) Specifically, the fiscal summary explained that "if a person has one prior serious or violent conviction then the second felony conviction would be twice the prescribed term." (*Ibid.*) Thus, contrary to Acosta's assertion, the fiscal summary he cites seems expressly to contemplate that the minimum term of the One Strike law would be multiplied under the Three Strikes law where a defendant has prior serious or violent felony convictions.[9]

A Senate Appropriations Committee Fiscal Summary of Senate Bill No. 26X expressed a similar understanding. This fiscal summary, like the Senate Judiciary Committee report we have already discussed, analyzed a version of the One Strike law that would have established an indeterminate, "consecutive," sentence enhancement of "25 years to life" for a defendant who committed a specified sex crime under a specified circumstance. (Sen. Bill No. 26X (1993-1994 1st Ex. Sess.) as amended May 25, 1994, § 8.) After summarizing the proposed One Strike law, the fiscal summary stated: "Given 'Three Strikes' this bill may increase an inmate's term for a crime, as specified, with one prior conviction, to double the base term plus double the enhancement of 25 years, . . . although this provision is subject to court interpretation." (Sen. Com. on Appropriations, Fiscal Summary of Sen. Bill No. 26X (1993-1994 1st Ex. Sess.) as amended May 25, 1994, p. 1.) The

[9]As Acosta notes, the fiscal summary also stated that a defendant convicted under the proposed statute "who has two prior serious or violent convictions would be sentenced" to "25 years to life under the 'Three Strikes' sentencing law." (Sen. Com. on Appropriations, Fiscal Summary of Assem. Bill No. 1029 (1993-1994 Reg. Sess.) as amended May 16, 1994, p. 1.) Given the fiscal summary's application of the Three Strikes law's doubling provision to the "prescribed term" of a second strike offender, we find implausible Acosta's assertion that this statement reflects the committee's view that the Legislature did not intend option 1's tripling provision to apply to third strike offenders. Certainly, nothing in the language of the proposed statute supported applying only the Three Strikes law's doubling provision. A more likely explanation is that the statement simply reflects an incomplete discussion or understanding of the provision applicable to third strike offenders, which is considerably more complex than the doubling provision and had been in effect for only two to three months when the fiscal summary was prepared. In any event, even this statement directly refutes Acosta's assertion that the Legislature intended to render the Three Strikes law inapplicable where a defendant qualifies under the One Strike law.

fiscal summary does not address the sentence of a defendant with two prior convictions. Nevertheless, its discussion of the sentence of a second strike offender further refutes Acosta's view that the One Strike law repealed the Three Strikes law as to all defendants who meet the conditions of the One Strike law.

Moreover, because the Three Strikes law and the One Strike law serve separate objectives, ignoring one of these statutes where a defendant meets the criteria of both would defeat one of the Legislature's objectives. The "unambiguous purpose" of the Three Strikes law "is to provide greater punishment for recidivists. (§ 667, subd. (b).)" (*People v. Davis* (1997) 15 Cal.4th 1096, 1099 [64 Cal.Rptr.2d 879, 938 P.2d 938].) The purpose of the One Strike law is to provide life sentences for aggravated sex offenders, even if they do not have prior convictions. (*People v. Ervin, supra,* 50 Cal.App.4th at p. 264; see also *People v. Mancebo, supra,* 27 Cal.4th at p. 741.) None of the seven circumstances that trigger the 15-year minimum term of the One Strike law's life sentence relate to recidivism; they all relate to the manner in which the defendant committed the specified sex offense. (§ 667.61, subds. (b) & (e).) As to the 25-year minimum term, three of the four triggering circumstances similarly relate to the manner in which the defendant committed the specified sex offense; only one relates to recidivism. (§ 667.61, subds. (a) & (d).) Thus, as to defendants, like Cornelius, who have qualifying prior convictions under the Three Strikes law and who qualify under the One Strike law based on any of the 10 triggering circumstances that do not involve recidivism, applying the One Strike law exclusively would thwart the purpose of the Three Strikes law: to increase punishment based on recidivism. We find no evidence that in passing the One Strike law, the Legislature intended that defendants would *benefit* from committing aggravated sex offenses by having their recidivism, and the Three Strikes law, ignored.

Defendants also argue that applying option 1 of the Three Strikes law to triple the 25-year minimum term of the One Strike law produces a sentence the Legislature consciously rejected when it passed the One Strike law. They note that as introduced, Senate Bill No. 26X would have amended the punishment provision for various sex crimes to prescribe a term of life without the possibility of parole. (Sen. Bill No. 26X (1993-1994 1st Ex. Sess.) as introduced Feb. 2, 1994, §§ 1-9.) As finally passed, Senate Bill No. 26X no longer prescribed a term of life without the possibility of parole, but instead enacted section 667.61, which prescribes a life sentence and renders the defendant ineligible for parole for either 15 or 25 years. Defendants argue that a 75-year minimum term under option 1 is, for all practical purposes, "equivalent to" life without the possibility of parole. Thus, they

assert, construing the statutes to permit this result produces a sentence the Legislature expressly rejected.

For reasons similar to those already discussed, defendants' argument is unpersuasive. As previously explained, 10 of the One Strike law's 11 triggering circumstances relate to the manner in which the defendant committed the specified sex offense, not to recidivism. We find no indication the Legislature rejected a sentence approaching life without the possibility of parole for defendants who, in addition to committing specified sex offenses in an aggravated manner, have prior serious or violent felony convictions. On the contrary, when the Legislature deleted from Senate Bill No. 26X the provisions prescribing life without the possibility of parole for certain sex crimes, it added the version of the One Strike law that would have required imposition of an indeterminate enhancement of 25 years to life "in addition to . . . any other applicable term of imprisonment, including any term . . . imposed for the underlying offense . . . and any enhancement of sentence authorized by any other law . . . ." (Sen. Bill No. 26X (1993-1994 1st Ex. Sess.) as amended May 4, 1994, § 8.) As also previously explained, the version of the One Strike law the Legislature finally passed specifies that any triggering circumstances in addition to "the minimum number" necessary to trigger application of the One Strike law "shall be used to impose any punishment or enhancement authorized under any other law." (§ 667.61, subd. (f).) Thus, the Legislature clearly intended that where the prosecution establishes more than the minimum number of triggering circumstances, the resulting sentence might prevent a defendant from ever being released. A 75-year minimum term for a third strike offender is consistent with this intent, because it applies to a defendant with at least *two* prior convictions, one more than the minimum number required to qualify a defendant for the 25-year minimum term of the One Strike law. In any event, as also earlier explained, defendants' sentences are being imposed under the Three Strikes law, not the One Strike law. Thus, defendants are incorrect in asserting that sentences are being imposed on them *under the One Strike law* that the Legislature consciously rejected in passing that statute. We therefore reject their claim that the One Strike law applies to the exclusion of the Three Strikes law.

3. *The Trial Court Properly Used One of Acosta's Two Prior Convictions as a Strike, as a Basis for Referencing the One Strike Law in Calculating His Minimum Term Under the Three Strikes Law, and to Impose an Enhancement Under Section 667, Subdivision (a).*

The final issue before us is whether the trial court properly used one of Acosta's two prior convictions as a strike, as a basis for referencing the

One Strike law in calculating his minimum term under the Three Strikes law, and then to impose an enhancement under section 667, subdivision (a).

As we have noted, the Court of Appeal held that the trial court erred. It relied principally on section 667.61, subdivision (f), of the One Strike law, which provides in relevant part: "If only the minimum number of [triggering] circumstances . . . have been pled and proved, that circumstance or those circumstances shall be used as the basis for imposing the term provided in subdivision (a) or (b) rather than being used to impose the punishment authorized under any other law, unless another law provides for a greater penalty. However, if any additional [triggering] circumstance or circumstances . . . have been pled and proved, the minimum number of circumstances shall be used as the basis for imposing the term provided in subdivision (a), and any other additional circumstance or circumstances shall be used to impose any punishment or enhancement authorized under any other law." Based on this provision, the Court of Appeal reasoned that one of Acosta's prior convictions is "consume[d]" in "bring[ing] him within section 667.61," leaving only the other prior conviction to count as a prior strike and as a basis to impose an enhancement under section 667, subdivision (a). Thus, the court concluded that Acosta "should have been sentenced to a term of 25 years to life under" the One Strike law, that this term "should have been doubled under" the provision of the Three Strikes law applicable to second strike offenders, and that a single enhancement under section 667, subdivision (a), should have been imposed. The court found that this result "harmonizes" the Three Strikes law and the One Strike law in that it "obey[s] the limiting language of" subdivision (f) of the One Strike law (§ 667.61, subd. (f)), while "honor[ing], within those limits," the statutory command that "[n]otwithstanding any other law," the provisions of the Three Strikes law "shall be applied in every case in which a defendant has a [qualifying] prior felony conviction." (§ 667, subd. (f)(1).) A contrary result, the court reasoned, would "ignore[] the limiting language of" section 667.61, subdivision (f), and "render it surplusage." The concurring and dissenting opinions here, also relying principally on section 667.61, subdivision (f), agree with the Court of Appeal's conclusion.

We conclude that the Court of Appeal was incorrect and that the trial court correctly applied the relevant statutes. Under the language of the One Strike law, a triggering circumstance may be used either "as the basis for imposing the term provided in" the One Strike law or "to impose the punishment authorized under any other law," whichever is the "greater penalty." (§ 667.61, subd. (f).) Here, the punishment authorized under the Three Strikes law is the greater penalty, because the Three Strikes law requires that qualifying prior convictions used as strikes also be used (1) to calculate the

term a defendant would be subject to absent the Three Strikes law, which is then tripled (excluding enhancements) under option 1 and included (with enhancements) under option 3 in setting the minimum term of a third strike offender's indeterminate sentence under the Three Strikes law, and (2) to impose enhancements under applicable provisions, including section 667, subdivision (a). (See *Murphy, supra,* 25 Cal.4th at pp. 154-159 [prior convictions used as strikes also used to determine term to be tripled under option 1]; *Dotson, supra,* 16 Cal.4th at pp. 554-560 [prior convictions simultaneously used as strikes, to calculate under option 3 the minimum term of third strike offender's indeterminate life sentence, and to impose enhancements under § 667, subd. (a)].) Moreover, as we have already explained, Acosta's indeterminate life sentence is not being imposed under both the One Strike law and the Three Strikes law; it is being imposed only under the Three Strikes law, with the minimum term of that indeterminate term set by reference to the One Strike law. Thus, the trial court's calculation does not, in contravention of subdivision (f) of the One Strike law (§ 667.61, subd. (f)), use a single triggering circumstance to impose punishment under both the One Strike law and another penalty provision.

This analysis is consistent with our decision in *Dotson.* There, each of the defendant's four prior convictions qualified as a strike and for enhancement under section 667, subdivision (a). (*Dotson, supra,* 16 Cal.4th at p. 551.) As previously explained, the latter provision provides that a person convicted of a serious felony (as defined) shall receive a five-year enhancement for each prior serious felony conviction on charges brought and tried separately. (§ 667, subd. (a)(1).) However, it also specifies that "[t]his subdivision shall not be applied when the punishment imposed under other provisions of law would result in a longer term of imprisonment." (§ 667, subd. (a)(2).) Despite this limitation, we treated the defendant in *Dotson* as a third strike offender, calculated the minimum term of his indeterminate life sentence under option 3 of the Three Strikes law by including four 5-year enhancements under section 667, subdivision (a), for his four prior convictions, and added four separate five-year enhancements under section 667, subdivision (a), for those same prior convictions. (*Dotson, supra,* 16 Cal.4th at pp. 553-560.) That is, despite the limiting language of section 667, subdivision (a)(2), we used two of the defendant's prior convictions first as strikes, then under option 3 to set the minimum term of his indeterminate life sentence as a third strike offender, and then under section 667, subdivision (a), to impose five-year sentence enhancements. In support of this result, we relied largely on the Three Strikes law's command that its sentencing provisions be applied " 'in addition to any other enhancements or punishment provisions which may apply.' " (*Dotson, supra,* 16 Cal.4th at p. 554.) A contrary interpretation, we explained, "would be inconsistent with [this] language."

(*Id.* at p. 558.) Here, we similarly conclude that using one of Acosta's prior convictions first as a strike, then under option 1 to set the minimum term of his indeterminate life sentence as a third strike offender, and then under section 667, subdivision (a), to impose a five-year enhancement, conforms to the language of the Three Strikes law and does not contravene subdivision (f) of the One Strike law (§ 667.61, subd. (f)). (Cf. *People v. Cartwright*, *supra*, 39 Cal.App.4th at pp. 1137-1138 [because Three Strikes law "includes enhancements in calculating the term imposed," using single conviction as a strike and to impose enhancement does not contravene limiting language of § 667, subd. (a)(2)].)

This conclusion is consistent with our decision in *Murphy*. There, we considered the interplay of the Three Strikes law and section 667.71, which prescribes a prison term of 25 years to life for a person convicted of one or more of certain specified sex offenses after having been previously convicted of one of those specified sex offenses. (*Murphy*, *supra*, 25 Cal.4th at pp. 139-140.) In *Murphy*, the defendant had two prior convictions, both of which qualified as strikes and at least one of which was an offense specified in section 667.71. (*Murphy*, *supra*, 25 Cal.4th at pp. 140-149.) The Court of Appeal held that for each of the defendant's current convictions, the Three Strikes law required an indeterminate life term with a minimum term of 75 years, i.e., three times the 25-year minimum term of section 667.71. (*Murphy*, *supra*, 25 Cal.4th at pp. 141, 159.) Thus, it used at least one of the defendant's prior convictions both as a strike and under option 1 to set the minimum term of the defendant's indeterminate life sentence as a third strike offender. We agreed with the Court of Appeal's decision. (*Id.* at pp. 159-160.) We can think of no reason—and neither Acosta nor the concurring and dissenting opinions suggest one—why the Legislature would have wanted to treat a prior conviction that is both a strike and a triggering circumstance under the One Strike law differently from a prior conviction that is both a strike and a specified prior offense under section 667.71. Nothing in the One Strike law's legislative history supports drawing this distinction.

Finally, the construction of the Court of Appeal and the concurring and dissenting opinions does not properly harmonize the One Strike law and the Three Strikes law. Although Acosta unquestionably has two prior strikes, the Court of Appeal declined to apply the sentencing provision that, under the Three Strikes law, "shall be" applied to defendants with two prior strikes (§ 667, subd. (e)(2)(A)); instead, it applied the sentencing provision that, under the Three Strikes law, "shall be" applied to defendants with only one prior strike. (§ 667, subd. (e)(1).) Thus, the Court of Appeal did not—and the concurring and dissenting opinions would not—follow the statutory command that qualifying defendants be sentenced according to the terms of

the Three Strikes law "in every case" and "[n]otwithstanding any other law." (§ 667, subd. (f)(1).)

This problem with the construction of the Court of Appeal and the concurring and dissenting opinions is perhaps more obvious in the context of a defendant with only one prior conviction. Under that construction, no provision of the Three Strikes law would apply to this defendant notwithstanding the prior conviction, because the conviction would be "consumed" in imposing the sentence of the One Strike law. This result would clearly be contrary to the language of the Three Strikes law, which commands that "[n]otwithstanding any other law," the Three Strikes law "shall be applied in every case in which a defendant has a [qualifying] prior felony conviction." (§ 667, subd. (f)(1).) As we have explained in a prior decision, this statutory language "eliminates potential conflicts between alternative sentencing schemes" by providing that for defendants with a qualifying prior conviction, the Three Strikes law "takes the place of whatever law would otherwise determine . . . sentence for the current offense." (*People v. Superior Court (Romero)*, *supra*, 13 Cal.4th at p. 524.) Acosta and the concurring and dissenting opinions fail to explain how their contrary construction, which would render the Three Strikes law inapplicable to certain defendants with a prior strike, squares with the clear language of the Three Strikes law.[10]

By contrast, our construction obeys the mandatory language of the Three Strikes law by applying to Acosta the provision that, under the Three Strikes law, "shall be" applied to defendants with two prior strikes (§ 667, subd. (e)(2)(A)), and it applies that provision according to its plain meaning. As we have previously held, the common and ordinary meaning of the phrase in option 1, "the term otherwise provided as punishment" (§ 667, subd. (e)(2)(A)(i)), is " 'the term that would be imposed in the absence of the Three Strikes law.' [Citation.]" (*Murphy*, *supra*, 25 Cal.4th at p. 159.) Here, the term that would be imposed in the absence of the Three Strikes law is the term the One Strike law prescribes.

At the same time, our construction does not render any of the One Strike law surplusage. On the contrary, our construction gives effect to all of that

---

[10]In addition to specifying how to calculate the length of a sentence, the Three Strikes law contains provisions requiring consecutive sentencing, prohibiting probation or suspension of sentence in *all* cases, eliminating the aggregate term limitation for purposes of consecutive sentencing for subsequent felony convictions, prohibiting commitment to a facility other than state prison, limiting credits on the prison term to one-fifth of the total term, and precluding accrual of these credits until the defendant is physically placed in prison. (§ 667, subd. (c).) Under the construction of the concurring and dissenting opinions, because these provisions are triggered by a "prior felony conviction[]" (*ibid.*), they too would be inapplicable to a defendant who has a single qualifying prior conviction but who is sentenced only under the One Strike law.

statute's language, including the specification in subdivision (f) that punishment be imposed under the provision that "provides for [the] greater penalty." (§ 667.61, subd. (f).) It is true that *most* of the offenses listed in the One Strike law as triggering circumstances are also strikes. Thus, under our construction, in most cases where the triggering circumstance is a prior conviction, the Three Strikes law will prescribe the greater penalty and sentence will be imposed under the Three Strikes law rather than the One Strike law. However, it appears that a few of the offenses listed in the One Strike law as triggering circumstances are *not* also strikes. Thus, in some instances where the triggering circumstance is a prior conviction, sentence will be imposed under the One Strike law rather than the Three Strikes law. Of course, the number of times this occurs may change in light of subsequent statutory amendments.[11] Moreover, as previously noted, a prior conviction is only *one* of the One Strike law's 11 triggering circumstances. (See § 667.61, subds. (d), (e).) In cases involving one of the other triggering circumstances, the Three Strikes law does not even come into play (unless the defendant also has strikes). In these cases, subdivision (f) of the One Strike law (§ 667.61, subd. (f)) will determine whether punishment is imposed under the One Strike law or some other statute.[12] Moreover, under our construction, even where the triggering circumstance is a prior conviction that is also a strike, although sentence is imposed under the Three Strikes law, the effect of the One Strike law will be felt through the formulae of the Three Strikes law for determining a defendant's minimum term.

Finally, because our construction gives effect to all of the provisions of both the Three Strikes law and the One Strike law, the concurring and dissenting opinions, in adopting their contrary construction, run afoul of the rule regarding repeal by implication. As previously noted, all presumptions

---

[11]It appears that when the Legislature passed the One Strike law, only one of the offenses listed as a triggering circumstance was not also a strike: sexual penetration accomplished against the victim's will by threat of future retaliation, in violation of section 289, subdivision (a). (See §§ 667.61, subds. (c)(5) & (d)(1) [conviction for violating § 289, subd. (a), is a triggering circumstance], 667.5, subd. (c)(11) [offense described in § 289, subd. (a), is a violent felony where the act "is accomplished against the victim's will by force, violence, duress, menace, or fear of immediate and unlawful bodily injury"], 1192.7, subd. (c)(26) [violation of § 289, subd. (a), is a serious felony where the act "is accomplished against the victim's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury"].) Based on subsequent amendments, it appears that a second offense listed as a triggering circumstance is now not also a strike: a lewd or lascivious act by a "caretaker" upon a "dependent adult," in violation of section 288, subdivision (b)(2). (See §§ 667.61, subds. (c)(4) & (d)(1) [conviction for violating § 288, subd. (b), is a triggering circumstance], 667.5, subd. (c)(6) ["[l]ewd acts on a child under the age of 14 years as defined in Section 288" is a violent felony], 1192.7, subd. (c)(6) ["lewd or lascivious act on a child under the age of 14 years" is a serious felony].)

[12]Thus, we disagree with the Chief Justice that our construction "drains the meaning from" section 667.61, subdivision (f). (Dis. opn. of George, C. J., *post*, at p. 136.)

are against a repeal by implication, and we may find an implied repeal only where no rational basis exists to harmonize two potentially conflicting statutes and the statutes are irreconcilable, clearly repugnant, and so inconsistent that they cannot operate concurrently. (*Merrill v. Navegar, Inc., supra,* 26 Cal.4th at p. 487.) Thus, we "are bound, if possible, to maintain the integrity of both" the One Strike law and the Three Strikes law "if the two may stand together." (*Penziner v. West American Finance Co.* (1937) 10 Cal.2d 160, 176 [74 P.2d 252].) If we can find "a harmonious construction" of the two statutes, we "*must* adopt that harmonizing construction." (*City and County of San Francisco v. County of San Mateo* (1995) 10 Cal.4th 554, 571, fn. 8 [41 Cal.Rptr.2d 888, 896 P.2d 181], italics added.) The concurring and dissenting opinions violate this principle by rejecting our construction, which harmonizes the statutes, and instead adopting a construction that repeals the Three Strikes law insofar as it provides that its sentencing provisions "shall be applied in every case in which a defendant has a [qualifying] prior felony conviction," "[n]otwithstanding any other law." (§ 667, subd. (f)(1).)[13]

### DISPOSITION

In *People v. Acosta,* we reverse the Court of Appeal's judgment insofar as it modified the sentence the trial court imposed, we remand the cause to the Court of Appeal for proceedings to ensure the abstract of judgment conforms to the jury's verdict (see *ante,* fn. 2), and we affirm the Court of Appeal's judgment in all other respects. In *People v. Cornelius,* we affirm the Court of Appeal's judgment.

Baxter, J., Brown, J., and Moreno, J., concurred.

**GEORGE, C. J.,** Concurring and Dissenting.—I concur in the majority's conclusions regarding the first two issues discussed in the opinion, but respectfully dissent from its resolution of the third issue. With regard to that issue—namely, whether the *same* prior conviction can be used (1) to bring into play the "One Strike" law as the basis for calculating the defendant's minimum term under the "Three Strikes" law, (2) to render a defendant a second or third strike offender for purposes of the Three Strikes law, and (3) to impose an additional (five-year) enhancement under Penal Code section 667, subdivision (a)[1]—I agree with the Court of Appeal that such multiple use of a single prior conviction is inconsistent with the language and purpose of section 667.61, subdivision (f), one of the provisions of the One Strike law.

Section 667.61, subdivision (f) provides in relevant part: "If only the minimum number of [triggering] circumstances . . . which are required for

---

[13]We disapprove *People v. Johnson* (2002) 96 Cal.App.4th 188, 195-198 [116 Cal.Rptr.2d 742], to the extent it is inconsistent with this opinion.

[1]All further section references are to the Penal Code.

the punishment provided in [the One Strike law] have been pled and proved, that circumstance or those circumstances shall be used as the basis for imposing the term provided in [the One Strike law] rather than being used to impose the punishment authorized under any other law, unless another law provides for a greater penalty. However, if any additional [triggering] circumstance or circumstances . . . have been pled and proved, the minimum number of circumstances shall be used as the basis for imposing the term provided in [the One Strike law], and any other additional circumstance or circumstances shall be used to impose any punishment or enhancement authorized under any other law."

In my view, this language clearly indicates that the Legislature intended that a triggering circumstance that is pleaded and proved under the One Strike law may be used *either* under the One Strike law *or* under another punishment provision, but not both. In a case such as *Acosta,* where the triggering circumstance that brings defendant within the One Strike law is a prior conviction, I believe section 667.61, subdivision (f) permits that prior conviction to be used *either* to bring the defendant within the reach of the One Strike law, *or* under another law if the use of the prior conviction under that other law will result in a greater sentence than under the One Strike law—*but not both.*

In determining that, notwithstanding the foregoing provisions of section 667.61, subdivision (f), the trial court in *Acosta* properly used the same prior to bring into play the 25-year-to-life punishment of the One Strike law, to triple that 25-year-to-life term under the third strike provisions of the Three Strikes law, and also to add a five-year enhancement under section 667, subdivision (a), the majority reasons that "Acosta's indeterminate life sentence is not being imposed under both the One Strike law and the Three Strikes law; it is being imposed only under the Three Strikes law, with the minimum term of that indeterminate term set by reference to the One Strike law. Thus, the trial court's calculation does not, in contravention of subdivision (f) of the One Strike law (§ 667.61, subd. (f)), use a single triggering circumstance to impose punishment under both the One Strike law and another penalty provision." (Maj. opn., *ante,* at p. 130.)

In my view, this reasoning is unpersuasive. When a prior conviction is utilized to bring a defendant within the second or third strike provisions of the Three Strikes law and when, at the same time, the minimum sentence under the Three Strikes law is calculated by multiplying the sentence the defendant would otherwise receive under the One Strike law on the basis of the same prior conviction, I believe that, as a practical matter, the prior conviction *is* being used to impose punishment under both the Three Strikes

law *and* under the One Strike law. In concluding that the limitation embodied in section 667.61, subdivision (f) does not come into play when a defendant's minimum term under the Three Strikes law is "set *by reference to* the One Strike law" (maj. opn., *ante*, at p. 130, italics added)—on the theory that, in such an instance, a defendant's sentence has not been imposed *under* the One Strike law but "*only* under the Three Strikes law" (*ibid.*, italics added)—the majority adopts an artificial formalism that drains the meaning from the limitation on the One Strike law embodied in section 667.61, subdivision (f).

In attempting to defend the validity of its proposed conclusion, the majority suggests that the "problem with the construction of the Court of Appeal . . . is perhaps more obvious in the context of a defendant with only one prior conviction [who qualifies, based on that prior conviction, as a second strike offender under the Three Strikes law and for treatment under the One Strike law]." (Maj. opn., *ante*, at p. 132.) In such a case, according to the majority, unless such a defendant's sentence is calculated, first, by reference to the indeterminate life sentence mandated by the One Strike law, and, second, by doubling the minimum term of that One Strike life sentence pursuant to the Three Strikes law, the two statutes will not be "properly harmonize[d]." (Maj. opn., *ante*, at p. 131.)

In my view, the majority's claim in this regard overlooks the principal objective of the One Strike law as well as the limitation set forth in section 667, subdivision (f). The One Strike law was intended to fill a gap that its drafters believed was left by the Three Strikes law, by authorizing the imposition of an indeterminate life sentence—similar to that imposed by the Three Strikes law for third strike offenders—on certain sex offenders even if they do not have two prior strikes for purposes of the Three Strikes law. Given this purpose, it is entirely reasonable for the Legislature to have intended, in the hypothetical posed by the majority, that a single triggering prior conviction could be used *either* to bring a defendant within the reach of the One Strike law (and thereby to subject the defendant to the stringent *life-term* sentence authorized by that law) *or* to bring into play some other sentencing law if that other law imposed a greater punishment than that authorized by the One Strike law, but that this prior conviction could not be used *both* to trigger a One Strike sentence and to multiply that One Strike sentence under another sentencing provision. When the prosecution has pleaded and proved only one triggering circumstance for purposes of the One Strike law, the imposition of "only" the life-term sentence authorized by the One Strike law hardly can be characterized as unduly lenient or inconsistent with the purpose of the Three Strikes law. In my view, the language of the Three Strikes law was not intended, and should not be interpreted, to

preclude the Legislature from establishing an alternative sentencing scheme, like the One Strike law, that limits the circumstances under which a sentence prescribed by the One Strike law is to be doubled or tripled under the Three Strikes law.

Finally, the majority additionally relies upon a number of decisions applying other sentencings provisions, but those decisions all are distinguishable from the present case. Unlike the statutory language involved in those decisions, the language of section 667.61, subdivision (f) clearly indicates that the Legislature contemplated that a triggering circumstance (including a triggering prior conviction) would be used under the One Strike law "*rather than* being used to impose the punishment authorized under any other law" (italics added), and not *in addition to* being used to impose punishment under another sentencing law.

Accordingly, in *Acosta*, I would affirm the Court of Appeal's reduction of defendant's sentence from 85 years to life to 55 years to life. In all other respects, I concur in the conclusions reached by the majority.

Kennard, J., concurred.

**KENNARD, J.,** Concurring and Dissenting.—I join the Chief Justice's concurring and dissenting opinion, but offer these additional observations on the complex sentencing issues involved.

The issue on which the Chief Justice and I disagree with the majority involves the interplay between three sentencing provisions: the "One Strike" law (Pen. Code, § 667.61),[1] the "Three Strikes" law (§ 667, subds. (b)-(i)),[2] and a five-year enhancement provision for prior serious felony convictions (§ 667, subd. (a)).

The *One Strike* law imposes long sentences on defendants who commit forcible sex crimes when specified aggravating circumstances are present. Four of those aggravating circumstances are listed in section 667.61, subdivision (d); seven more are listed in section 667.61, subdivision (e). A defendant convicted of a forcible sex offense involving an aggravating circumstance listed in subdivision (e) "shall be punished" by a prison term of 15 years to life. (§ 667.61, subd. (b).) A prison sentence of 25 years to life is imposed when a defendant commits a forcible sex offense that involves one

---

[1] Further statutory references are to the Penal Code.

[2] After the Legislature enacted the Three Strikes *law*, the voters ratified the "Three Strikes" *initiative* (§ 1170.12), which is virtually identical to the Three Strikes law. I use the term "Three Strikes law" to refer to both measures, except in one instance where I discuss the significance of the dates when the two provisions were enacted. (See p. 140, *post*.)

or more of the aggravating circumstances described in subdivision (d), or that involves two or more of the aggravating circumstances listed in subdivision (e). (§ 667.61, subd. (a).)

A defendant's prior conviction for a forcible sex offense is an aggravating circumstance listed in subdivision (d) of section 667.61. Here, defendant Greg Acosta[3] had two such prior convictions, thus subjecting him to a sentence of 25 years to life in prison under the *One Strike* law.

But those two prior convictions also brought Acosta under the sentencing provisions of the *Three Strikes* law. Under that law, a defendant convicted of a felony who has two prior convictions for violent or serious felonies is sentenced to an indeterminate term in prison, the minimum term of which is the greatest of these three options:

"(i) *Three times the term otherwise provided as punishment* for each current felony conviction subsequent to the two or more prior felony convictions.

"(ii) Imprisonment in the state prison for 25 years.

"(iii) The term determined by the court pursuant to Section 1170 for the underlying conviction, including any enhancement applicable under Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2, or any period prescribed by Section 190 or 3046." (§ 667, subd. (e)(2)(A), italics added.)

The trial court used Acosta's prior convictions under the *One Strike* law to elevate his sentence (which otherwise would have been between three and eight years) to a term of 25 years to life. The trial court then applied that part of the *Three Strikes* law italicized in the preceding paragraph to triple the minimum term of 25 years established by the *One Strike* law, thereby arriving at an indeterminate sentence of 75 years to life. Finally, the trial court added a determinate term of five years for each prior conviction based on subdivision (a) of section 667, which mandates a five-year enhancement for prior serious felonies, resulting in a total of 85 years to life.

Did the trial court's use of *all three* of these sentencing provisions, which increased Acosta's sentence from a maximum of eight years in prison to a minimum of 85 years, an increase of more than 1,000 percent, reflect the Legislature's intent? The answer is "no."

On point here is subdivision (f) of section 667.61 (section 667.61(f)), part of the *One Strike* law. That subdivision states: "If only the minimum number

---

[3]At issue in this appeal are two unrelated cases that this court has consolidated. The question addressed in part 3 of the majority opinion and discussed here pertains only to defendant Acosta's case.

of circumstances specified in subdivision (d) or (e) which are required for the punishment provided in subdivision (a) or (b) to apply have been pled and proved, that circumstance or those circumstances *shall be used as the basis for imposing the term provided in subdivision (a) or (b) rather than being used to impose the punishment authorized under any other law, unless another law provides for a greater penalty.* However, if any additional circumstance or circumstances specified in subdivision (d) or (e) have been pled and proved, the minimum number of circumstances shall be used as the basis for imposing the term provided in subdivision (a), and any other additional circumstance or circumstances shall be used to impose any punishment or enhancement authorized under any other law. Notwithstanding any other law, the court shall not strike any of the circumstances specified in subdivision (d) or (e)." (Italics added.)

Thus, under section 667.61(f) of the One Strike law, a trial court may use a defendant's prior convictions to increase the defendant's sentence *either* under that law *or* under "any other law," but not *both*. Rather, the court must determine whether use of the priors under the One Strike law or under "another law" will provide the "greater penalty" (*ibid.*), and, based on that determination, impose the greatest sentence possible.

Here, if the trial court had applied the *One Strike* law to Acosta's prior convictions, his minimum term of confinement would have been *25 years*. (§ 667.61, subd. (a).) Had the trial court used his prior convictions under other sentencing laws, his minimum prison term would have been *35 years*, because of the 25-year-to-life term under the *Three Strikes* law (§ 667, subd. (e)(2)(A)) and an additional five years for each of the two prior convictions as a serious felony enhancement (§ 667, subd. (a)).[4] But if the trial court had used *one* of Acosta's prior convictions under the One Strike law and *one* of Acosta's prior convictions under other sentencing provisions, his minimum prison term would have been *55 years*, because the trial court could use one of his prior convictions to impose a sentence of 25 years to life under the One Strike law (§ 667.61, subd. (a)), and use the second prior conviction under the Three Strikes law (§ 667, subd. (e)(1)) to double the 25-year minimum term and then to enhance it by five years (§ 667, subd. (a)). This is the sentence the trial court should have imposed.

The majority insists that Acosta's sentence of 85 years to life was not "imposed under both the One Strike law and the Three Strikes law" but "only under the Three Strikes law, with the minimum term of that indeterminate term set by reference to the One Strike law." (Maj. opn., *ante*, at p.

---

[4]As this court has stated in the past, the trial court may use the prior convictions both under the Three Strikes law and as serious felony enhancements. (See *People v. Dotson* (1997) 16 Cal.4th 547, 554-560 [66 Cal.Rptr.2d 423, 941 P.2d 56].)

130.) The majority is wrong. As I have explained, the trial court used Acosta's prior convictions to increase his sentence under three different provisions: the One Strike law, the Three Strikes law, and the five-year enhancement for serious felonies. Section 667.61(f) does not permit this triple use.

The majority asserts that if section 667.61(f) of the One Strike law does not permit the trial court's triple use of Acosta's prior convictions, that section conflicts with the Three Strikes law, which states that its provisions apply "in every case" and "[n]otwithstanding any other law." (§ 667, subd. (f)(1).) If two laws conflict, the more recent one controls. (*Governing Board v. Mann* (1977) 18 Cal.3d 819, 828 [135 Cal.Rptr. 526, 558 P.2d 1].) Here, it is unclear which law is more recent: The Legislature *enacted* the One Strike law after it enacted the Three Strikes law (§ 667, subds. (b)-(i)) but before the voters adopted the identically worded Three Strikes initiative (§ 1170.12), and the One Strike law's *effective date* occurred after the effective dates of both the Three Strikes law and the Three Strikes initiative.

In this unusual circumstance, I would hold that the Three Strikes law does not abrogate section 667.61(f) of the One Strike law, stating that courts may not use the same prior conviction to increase a defendant's sentence under *both* the One Strike law *and* another section, such as the Three Strikes law. This is consistent with the Three Strikes law's general purpose of imposing long sentences on recidivist offenders: Section 667.61(f) precludes use of a defendant's prior convictions under the Three Strikes law *only* when those convictions could be used to impose an even *greater* sentence under the One Strike law.

I would affirm the judgment of the Court of Appeal, which reduced defendant's sentence from 85 years to life to 55 years to life.

**WERDEGAR, J.,** Concurring and Dissenting.—I agree with the majority's conclusion in part 2 (maj. opn., *ante,* at pp. 118-127) that both the "One Strike" (Pen. Code, § 667.61) and the "Three Strikes" (*id.,* § 667, subds. (b)-(i)) laws may properly be applied to a defendant who qualifies for sentencing under both.

I disagree with the majority's conclusion in part 3 (maj. opn., *ante,* at pp. 128-131) that a sentencing court may, despite the plain language of Penal Code section 667.61, subdivision (f), reuse for other sentencing purposes a factual circumstance already used to qualify a defendant for sentencing under the One Strike law. On this point, I generally agree with the concurring and dissenting opinions of the Chief Justice and Justice Kennard.

I also disagree with the majority's conclusion in part 1 (maj. opn., *ante*, at pp. 112-118) that Penal Code section 667, subdivision (e)(2)(A)(i) directs the sentencing court to triple the minimum term for an indeterminate term in calculating a third-strike sentence. To be sure, a different provision of the Three Strikes law expressly directs the court to multiply the "minimum term for an indeterminate term" (*id.*, § 667, subd. (e)(1)) in calculating a second-strike sentence. But the third-strike provision, option one (*id.*, § 667, subd. (e)(2)(A)(i)), contains no such language. The majority views the difference in language between these two provisions as insignificant. In contrast, I view the difference as demonstrating beyond cavil that the Legislature knew how to tell courts to multiply the "minimum term for an indeterminate term" (*id.*, § 667, subd. (e)(1)) when that is what the Legislature intended to do. The entire court apparently considered this point self-evident in *People v. Jefferson* (1999) 21 Cal.4th 86, 99 [86 Cal.Rptr.2d 893, 980 P.2d 441]. (See also *id.* at p. 105 (dis. opn. of Werdegar, J.).) We should not add words the Legislature omitted.

On September 11, 2002, the opinion was modified to read as printed above.