Filed 8/30/23  P. v. Manzo CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D081439 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS212840) |
| MARTIN MANZO, | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of San Diego County, Timothy R. Walsh, Judge.  Affirmed.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina, Lynne G. McGinnis, and Christine Levingston Bergman, Deputy Attorneys General, for Plaintiff and Respondent.


Martin Manzo appeals the order denying his Penal Code section 1172.6 petition for resentencing on his first degree murder conviction.  The trial

court ruled Manzo was ineligible for relief without holding an evidentiary hearing on the ground that the record of conviction showed he was the actual killer. We affirm.

BACKGROUND

Manzo fatally shot Jose Miguel Valadez with a pistol as Valadez and Jose Eduardo Estrada sat inside Manzo's truck and Manzo stood outside it. Manzo also pointed the gun at Estrada, but the pistol misfired. (*People v. Manzo* (2012) 53 Cal.4th 880, 883-884 (*Manzo*).)

The People filed a complaint against Manzo and Estrada charging them with the murder of Valadez. (Pen. Code, § 187, subd. (a); undesignated section references are to this code). The People alleged Manzo had two prior convictions that constituted serious felonies and strikes. (§§ 667, 1170.12.)

The People later filed an information that dropped Estrada as a defendant. They reasserted the murder charge (§ 187, subd. (a)), and added firearm enhancement allegations (§§ 12022.5, subd. (a), 12022.53, subds.(b), (d)). The People added charges of shooting at an occupied vehicle (§ 246), with firearm and great bodily injury enhancement allegations (§§ 12022.5, subd. (a), 12022.53, subds. (b), (d), 12022.7, subd. (a)); willful, deliberate, and premeditated attempted murder of Estrada (§§ 21a, 187, subd. (a)), with firearm enhancement allegations (§§ 12022.5, subd. (a), 12022.53, subd. (b)); and unlawful possession of ammunition (former § 12316, subd. (b)(1)). The People reasserted the allegations of prior serious felony and strike convictions (§§ 667, 1170.12), and added allegations that Manzo had served three prior prison terms (former § 667.5, subd. (b)).

The case went to trial before a jury on the theory that Manzo shot Valadez to steal methamphetamine that was hidden in his cell phone. (*Manzo*, *supra*, 53 Cal.4th at p. 884.) The trial court instructed the jury on

2

two theories of murder: malice aforethought (CALCRIM No. 520) and felony murder (CALCRIM Nos. 540A, 540B). The felony murder instructions were based on a killing during the commission of a robbery, and advised the jury Manzo could be found guilty if he committed a robbery and during the robbery did an act that killed Valadez (CALCRIM No. 540A), or if he committed or aided and abetted another person in committing a robbery and during the robbery the other person did an act that killed Valadez (CALCRIM No. 540B). The court separately instructed the jury on robbery (CALCRIM No. 1600) and aiding and abetting (CALCRIM Nos. 400, 401, 1603). The court also instructed the jury that it did not need to decide any charge against Estrada (CALCRIM No. 206), and that in evaluating his testimony the jury needed to decide whether he was an accomplice to the crimes charged against Manzo (CALCRIM No. 334).

The jury found Manzo guilty of first degree murder and found true the attached firearm enhancement allegations. It also found him guilty of the other charges and found true the attached enhancement allegations. In a separate proceeding, Manzo admitted allegations concerning his prior convictions and prison terms. The trial court sentenced him to prison for an aggregate term of five years plus 150 years to life.

After Manzo's judgment became final, legislation narrowed the scope of liability for felony murder and abolished liability for murder based on the natural and probable consequences doctrine. (§§ 188, 189, as amended by Stats. 2018, ch. 1015, §§ 2, 3.) The legislation enacted former section 1170.95, which established a procedure for persons to seek relief if they were convicted of murder before the legislation took effect but could not have been convicted had the legislation been in effect at the time of the killing. (Stats.

2018, ch. 1015, § 4.)  The procedure is now codified as section 1172.6.  (Stats. 2022, ch. 58, § 10.)  We use that statutory number for simplicity.

Manzo, representing himself, filed a form petition for resentencing under section 1172.6.  He checked boxes stating he was convicted of murder on a theory of felony murder, natural and probable consequences doctrine, or some other theory on which malice is imputed based on participation in a crime; and he could not presently be convicted of murder because of the legislative changes described in the immediately preceding paragraph. Manzo requested appointment of counsel.

The People filed a response asking the trial court to deny the petition. They contended Manzo was ineligible for relief because the jury's verdict that he was guilty of the first degree murder of Valadez and its associated finding that he personally and intentionally discharged a firearm causing death showed he was the actual killer.  The People attached several documents to the response, including the information, the jury's verdicts, and the jury instructions.

Manzo, represented by the public defender, filed a reply to the People's response.  The reply included a generalized discussion of the requirements for stating a prima facie case for relief under section 1172.6 and the People's burden of proof at an evidentiary bearing, but said nothing specific about Manzo's case.  Manzo asserted he had stated a prima facie case for relief, and asked the trial court to issue an order to show cause and set a hearing to decide the petition on the merits.

The trial court held a prima facie review hearing and denied the petition.  The court reviewed the jury's verdicts and associated findings on the firearm enhancement allegations, and stated:  "[T]he jury implicitly found

4

[Manzo] was the actual killer," and "changes to sections 188 and 189 are in the [c]ourt's view, therefore, inapplicable."

DISCUSSION

Manzo contends the trial court erred by denying his petition for resentencing at the prima facie review stage by making a factual finding he was the actual killer. He argues that because the jury was instructed on felony murder and malice aforethought as alternative bases for murder liability and was also instructed on principles of aiding and abetting and accomplice liability, it cannot be determined based on the limited record before the trial court that he was the actual killer. According to Manzo, because "the first degree murder verdict did not state upon which theory of guilt the jury found [him] guilty," "[f]or all the instructions and verdicts show, someone other than [he] may have been the perpetrator." He asks us to reverse the order and remand the matter with directions to the trial court to issue an order to show cause and hold an evidentiary hearing.

Reviewing the challenged order de novo (*People v. Harden* (2022) 81 Cal.App.5th 45, 53 (*Harden*); *People v. Coley* (2022) 77 Cal.App.5th 539, 545), we conclude the trial court correctly denied Manzo's petition without holding an evidentiary hearing. Although at the prima facie review stage a court presented with a section 1172.6 petition may not engage in factfinding that requires weighing evidence or exercising discretion, the court may consider jury instructions, jury verdicts, and other documents that are part of the record of conviction to determine whether the petitioner satisfies the criteria for relief. (§ 1172.6, subd. (c); *People v. Lewis* (2021) 11 Cal.5th 952, 970-972 (*Lewis*); *Harden*, at pp. 51-52; *Coley*, at pp. 545-548.) As we shall explain, Manzo was ineligible for resentencing because "the jury instructions and verdicts *conclusively* establish—with no factfinding, weighing of evidence, or

5

credibility determinations—that [he] was convicted as the actual killer." (*Harden*, at p. 47.)

In its verdict on the murder charge, the jury found Manzo guilty of first degree murder in violation of section 187, subdivision (a), and found that in committing the murder he personally and intentionally discharged a firearm and proximately caused great bodily injury or death within the meaning of section 12022.53, subdivision (d). The verdict thus established a killing (§ 187, subd. (a) [murder is unlawful killing of human being with malice aforethought]) that Manzo himself caused by discharging a firearm (see *Harden, supra*, 81 Cal.App.5th at p. 55 ["natural meaning of 'personally inflicted' is that the defendant herself inflicted the injury"]). In other words, the verdict established that Manzo was the "actual killer." (See *People v. Cornelius* (2020) 44 Cal.App.5th 54, 56, 58 [by finding defendant guilty of murder and finding § 12022.53, subd. (d) allegation true, "the jury implicitly found [defendant] was the 'actual killer' "]; Webster's 3d New Internat. Dict. (2002) pp. 22 [defining "actual" as "existing in act <our ~ intentions> : existent — contrasted with *potential* and *possible*"], 1242 [defining "kill" as "cause the death of" and "killer" as "one that kills"].)

The jury was instructed, as already noted, on two theories of murder: killing with malice aforethought and felony murder. Although the verdict on the murder charge does not state which theory the jury adopted, Manzo would not be entitled to relief under section 1172.6 on either theory. If the jury found him guilty on a malice theory, he would be ineligible for resentencing because section 1172.6 applies only when the petitioner's murder conviction was based on felony murder, the natural and probable consequences doctrine, or another theory under which malice is imputed based solely on the petitioner's participation in a crime. (§ 1172.6, subd. (a);

6

*Harden, supra*, 81 Cal.App.5th at p. 53.) If the jury found Manzo guilty of felony murder, he would also be ineligible for resentencing because under the legislation that narrowed the scope of liability for felony murder the actual killer remains liable. (§ 189, subd. (e)(1), as amended by Stats. 2018, ch. 1015, § 3; *People v. Garcia* (2022) 82 Cal.App.5th 956, 973; *Harden*, at p. 53.) Hence, based on the verdicts and jury instructions, the trial court correctly denied Manzo's section 1172.6 petition.[1]

Manzo insists the record of conviction does not establish, as a matter of law, that he was the actual killer and therefore is not entitled to resentencing. He points out that Estrada was also charged in the complaint with the murder of Valadez, the jury was instructed on aiding and abetting and accomplice liability, and the felony murder instructions advised the jury that Manzo could be guilty of murder "even if another person did the act that resulted in the death" (CALCRIM No. 540B). Although consideration of those parts of the record by themselves leaves open the possibility that Estrada was the actual killer, they are not the only parts that must be considered. Estrada was dropped as a defendant in the information, and the case went to trial against Manzo only. The jury returned a verdict finding him guilty of first degree murder and also finding that in committing the murder he proximately caused Valadez's death by personally and intentionally discharging a firearm. As we explained above, those findings establish that Manzo was the actual killer, and as such he is not entitled to relief under section 1172.6.

---

[1] Because the jury verdicts and instructions are included in the clerk's transcript and are sufficient for us to decide the appeal, we deny the People's motion for judicial notice of the record in Manzo's appeal of the judgment. (See, e.g., *People v. Acosta* (2002) 29 Cal.4th 105, 119, fn. 5 [declining to take judicial notice when neither necessary nor helpful to resolution of appeal]; *Atempa v. Pedrazzani* (2018) 27 Cal.App.5th 809, 819 [same].)

Manzo cites *People v. Offley* (2020) 48 Cal.App.5th 588, 592, to argue that "an enhancement under section 12022.53, subdivision (d) does not in itself preclude a petitioner from obtaining relief under section [1172.6]." *Offley* is not on point, however. In that case the issue was not whether the defendant was the actual killer, but whether he acted with actual malice. Offley was one of five defendants who took part in a gang-related shooting that resulted in a death. (*Offley*, at p. 592) The trial court instructed the jury that a member of a conspiracy is liable not only for the particular crime he knows his coconspirators agreed upon and committed, but also for the natural and probable consequences of any crime a coconspirator committed to further the objective of the conspiracy. (*Id.* at p. 593.) The jury found Offley guilty of murder and found true the attached enhancement allegation that his personal and intentional discharge of a firearm proximately caused the victim's death. (*Ibid.*) The Court of Appeal held that because the finding on the firearm enhancement allegation did not establish that Offley acted with malice aforethought, and the jury could have found him guilty of murder based solely on his participation in a conspiracy to commit assault with a firearm, he was not ineligible for relief as a matter of law. (*Id.* at pp. 598-599.) Unlike in *Offley*, the jury in Manzo's case was not instructed on a conspiracy theory or on the natural and probable consequences doctrine through which malice could be imputed to him based on his participation in a crime other than the murder. Rather, as we have explained, Manzo was tried for murder on theories of malice aforethought and felony murder, and under either theory the jury's finding that he personally caused Valadez's death by shooting him makes Manzo ineligible for resentencing under section 1172.6 as a matter of law. (See *Harden*, *supra*, 81 Cal.App.5th at p. 56, fn. 9 [distinguishing *Offley*].)

Manzo's final argument is that the trial court engaged in impermissible factfinding at the prima facie review stage when it determined he was the actual killer. We disagree. The type of factfinding prohibited at the prima facie review stage " 'involv[es] the weighing of evidence or the exercise of discretion.' " (*Lewis*, *supra*, 11 Cal.5th at p. 972.) The trial court did not weigh any evidence or exercise any discretion in denying Manzo's resentencing petition. It heard counsel's arguments based on the jury instructions and verdicts, reviewed the verdicts, and determined the jury had found Manzo was the actual killer and thus ineligible for relief under section 1172.6. "[T]he parties can, and should, use the record of conviction to aid the trial court in reliably assessing whether a petitioner has made a prima facie case for relief under subdivision (c)." (*Lewis*, at p. 972; see *Harden*, *supra*, 81 Cal.App.5th at pp. 47-48, 51-52 [court may consider jury instructions and verdicts at prima facie review stage].) There was no error in doing so in this case.

## DISPOSITION

The order denying the petition for resentencing is affirmed.


IRION, J.

I CONCUR:



McCONNELL, P. J.

I CONCUR IN THE RESULT ONLY:


BUCHANAN, J.