Filed 3/24/25  P. v. Briones CA1/4
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ALEXANDER BRIONES,<br><br>        Defendant and Appellant. | A170083<br><br>(Napa County<br>Super. Ct. No. 18CR003422) |

Alexander Briones appeals from the trial court's post-sentencing order applying $1,600 confiscated during his arrest to satisfy a victim restitution order, as authorized by Penal Code section 1202.4, subdivision (f).[1]  Briones claims his procedural due process rights were violated because he did not receive notice of the People's motions for this order or of the hearings on those motions.  We conclude Briones received due process when the court addressed the confiscated funds at sentencing and, upon his counsel's objection that he had not reviewed section 1202.4, invited Briones to raise any entitlement to the funds at a later time—which he never did in the years to follow.  We affirm the order.

---

        [1] Undesignated statutory references are to the Penal Code.

1

# I. BACKGROUND

In 2018, Briones was charged with several offenses after he stole thousands of dollars' worth of cell phones and other products from a T-Mobile store. He pled no contest to grand theft with a prior serious or violent felony conviction, commonly known as a "strike,"[2] (§§ 487, subd. (a), 667, subds. (b)–(i)) and unlawful possession of a firearm (§ 29820). In March 2019, the trial court sentenced Briones according to the parties' stipulation to 16 months in prison for grand theft, doubled to 32 months based on the prior strike, and a concurrent 16 months in prison for unlawful possession of a firearm. The court imposed fines and fees and ordered Briones and a codefendant to pay $1,859 in victim restitution.

Later during the sentencing hearing, the court addressed Briones's motion for the return of property confiscated at the time of his arrest. The prosecutor opposed the motion only as to $1,600 in cash that was among the confiscated items. She urged the court to apply those funds to the restitution order per section 1202.4, subdivision (f). Briones's counsel responded that he "ha[d]n't had a chance to review that specific authority," and Briones "would like for his child's mother to receive those funds." Counsel requested an "opportunity to actually research that authority first" if the court were "inclined to confiscate those funds for the purpose of restitution." The court granted Briones's motion "with the exception of the $1[,]600" and stated its ruling was "without prejudice to have the defense raise that issue at a later time." Briones did not take the court up on this offer.

The $1,600 remained with the Napa County Sheriff Department for over four years. In February 2023, the People filed a motion to apply the funds to the restitution order. The trial court appointed a public defender to

---

[2] See *People v. Acosta* (2002) 29 Cal.4th 105, 108.

represent Briones and continued the matter several times because the People were unable to notify Briones of the hearing.

In February 2024, the People filed another motion to apply the funds to restitution, explaining that they had been unable to notify Briones of their motions because they did not have his current address. In this motion, the People argued that notice was not required under the authority of *People v. Nystrom* (1992) 7 Cal.App.4th 1177 (*Nystrom*). The trial court continued the matter again.

The public defender filed a response to the motion, explaining that she had been unable to consult with Briones and thus could not waive his appearance or convey whether he wished "to object, to appeal, and/or to contest the prosecution's factual assertions, such that [*sic*] the funds are not subject to any exception (such as child or spousal support under . . . section 1202.4(f))." The public defender argued that *Nystrom* did not apply because "it does not relate to a defendant's right [under section 977, subdivision (b)(1) and article 1, section 15 of the California Constitution] to be personally present in court at criminal proceedings; rather, it explains that a separately noticed hearing is not required. Here, the prosecution is seeking just that in filing a noticed motion. In other words, *Nystrom* would only apply if the prosecution did not need the hearing it seeks." The response urged the court to simply "drop the matter from calendar at this point."

The trial court held a hearing on the People's motion, at which Briones was not present. At the hearing, the People summarized their attempts to notify Briones of their motions, including attempting personal service at his last known address and speaking to his probation officer in Alameda County. The court granted the motion, noting that Briones was arrested "in 2018 and it's 2024 and there's been no evidence that Mr. Briones has ever made claim

for the money." The court found that Briones had "forfeited any right to the money" in light of the "restitution obligation that was ordered as part of his sentencing."

## II. DISCUSSION

On appeal, counsel for Briones argues that the trial court violated Briones's due process rights by holding hearings on the People's motions to apply the $1,600 to the restitution order and granting the second motion without notice to Briones.[3] The People continue to urge that notice was not required per section 1202.4, subdivision (f) and *Nystrom*. We agree with the People and find no due process violation on the facts present here.

*Nystrom* is right on point. The defendant in that case claimed "he should have been afforded notice and a hearing before . . . seized money was released to the victim" to whom restitution was ordered. (*Nystrom, supra*, 7 Cal.App.4th at p. 1181.) The Court of Appeal disagreed, explaining that the trial court "had already entered a valid restitution order as part of the negotiated plea. There was, therefore, no question that the victim was entitled to the money," and "Nystrom was not entitled to notice and another hearing before the court ordered payment of restitution from available funds."[4] (*Id.* at pp. 1181–1182.) *Nystrom* was decided in 1992, and we are

---

[3] Appellate counsel does not indicate whether he has been in contact with Briones himself. He does not renew the public defender's argument that Briones had the right to be present at the hearing per section 977, subdivision (b)(1) and article 1, section 15 of the California Constitution, so any such argument is forfeited. (*People v. Ng* (2022) 13 Cal.5th 448, 568, fn. 13.)

[4] We are unpersuaded by Briones's attempt to distinguish *Nystrom* on the ground that the trial court apparently held no further hearings at all in that case. Briones does not explain or support, and has thus forfeited, any

4

aware of no contrary authority. Moreover, in 2005, section 1202.4, subdivision (f) was amended to expressly authorize a trial court to apply "funds confiscated at the time of the defendant's arrest . . . to [a victim] restitution order if the funds are not exempt for spousal or child support or subject to any other legal exemption." (§ 1202.4, subd. (f), as amended by Stats. 2005, ch. 240, § 10.5, p. 2517, eff. Jan. 1, 2006.) The statute does not require notice to the defendant.

Due process requires an opportunity to be heard that is "afforded 'at a meaningful time and in a meaningful manner,' " but its "precise dictates . . . are flexible and vary according to context." (*Today's Fresh Start, Inc. v. Los Angeles County Office of Education* (2013) 57 Cal.4th 197, 212.) We agree with *Nystrom* that once a valid restitution order has entered, due process does not require additional notice and another hearing before the trial court may apply confiscated funds to the restitution order—at least so long as the defendant has received notice that the funds may be so applied and an opportunity to present any argument and evidence that they should not be.

Briones had that notice and opportunity here, afforded at a meaningful time and in a meaningful manner. He was present when his counsel specifically addressed the confiscated $1,600 with the trial court at the sentencing hearing and when the court denied his request for its return "without prejudice." He had years to present the court with any support for his request but never did. By failing to raise the issue again, Briones forfeited it. (*People v. Mills* (2010) 48 Cal.4th 158, 170 ["[a]s a general

---

argument that a court violates due process by holding hearings about whether the defendant can and should be notified of an order where notice is ultimately not required. (*Vitug v. Alameda Point Storage, Inc.* (2010) 187 Cal.App.4th 407, 412.)

matter, when a trial court denies a motion without prejudice the matter is forfeited if not renewed"].)  The court's order did not violate due process.

## III.  DISPOSITION

The trial court's order applying the confiscated funds to the victim restitution order is affirmed.

SIMONDS, J.*

WE CONCUR:

STREETER, Acting P. J.
GOLDMAN, J.

---

* Judge of the Superior Court of California, County of Sonoma, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.